

David L. Bissett
United States Bankruptcy Judge
Dated: January 6th, 2026

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**In Re:**

**CIVIL, LLC,**

        **Debtor.**

**Bankruptcy Case No. 25-20179 (DLB)**
**Chapter 7**
**(Jointly Administered)**

## ORDER EXTENDING THE TIME WITHIN WHICH
## THE TRUSTEE MUST ASSUME OR REJECT UNEXPIRED LEASES AND/OR
## EXECUTORY CONTRACTS HELD BY THE DEBTOR

---

Upon the motion Robert L. Johns, Chapter 7 Trustee of the bankruptcy estates of Civil, LLC, and its affiliated debtors (the "Trustee"),  requesting entry of an order extending the time by ninety (90)  days  within which to assume or reject unexpired leases and/or executory contracts held by the debtors (the "Motion").  The  unexpired leases and executory contracts relate to the Debtor's assets, including not only Civil, LLC, but Big Mule Air, LLC, BK No. 25-20186; Pocahontas Processing, LLC, BK No. 25-20187; Resilient Mining, LLC, BK No. 25-20181; Kratos Resources, LLC, BK No. 25-20180; Don Holdings, LLC, BK No. 25-20178; Yellow Garage, LLC, BK No. 25-20188; Resilient Eagle, LLC, BK No. 20182; Falcon Reclamation Limited Liability Company, BK No. 25-20183; North Springs Holdings LLC, BK No. 25-20184; and Smoky Quartz, LLC, BK No. 25-20185 (collectively, "the Debtors") (the "Unexpired Leases") The Trustee has requested that  the  time  period  within  which  to assume or reject the Unexpired Leases  be  extended  by  ninety  (90)  days, through  and  including March 30th, 2026,  without prejudice to the right of the Trustee to seek further extensions of the time to assume or reject the Unexpired Leases  pursuant to 11 U.S.C. § 365(d)(1)  of  the United States Bankruptcy  Code. The Court upon the review of the pleadings and representations of counsel, finds the following:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 83.13 of Local Rules of the United States District Court for the Southern District of West Virginia and that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     This Court having found that the relief requested in the Motion is in the best interests of the bankruptcy estate, its creditors, and other parties in interest; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases.

3.     This Court finds that the Trustee as set forth in the Motion and at the hearing on the Motion has established just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause to grant the relief requested, this Court deems the requested relief appropriate.

For the reasons set for the above, and for the other good consideration, it is hereby

**ORDERED** that  the Motion is granted as set forth herein; it is further,

**ORDERED** that the time-period within which the Trustee must assume or reject Unexpired Leases pursuant to § 365(d)(1) of the Bankruptcy Code is extended for an additional ninety (90) days, through and including March 30th, 2026; it is further,

**ORDERED**  that this extension of time to assume or reject the Unexpired Leases is without prejudice to the right of the Trustee to request additional extensions of time to assume or reject the Unexpired Leases consistent with section 365(d)(1) of the Bankruptcy Code; it is further,

**ORDERED** that nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor or bankruptcy estate under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's, the bankruptcy estate's, or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the bankruptcy estate; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. If the Court grants the relief sought herein, any payment made

pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the bankruptcy estate's rights to subsequently dispute such claim; it is further,

**ORDERED** that the relief granted by this Order shall not affect the ability of the Trustee to assume or reject any Unexpired Leases, it further

**ORDERED** that the Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion; and it further,

**ORDERED** that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**PREPARED BY:**


_____/s/ Brian R. Blickenstaff_____
ROBERT L. JOHNS [WVSB No. 5161]
BRIAN R. BLICKENSTAFF [WVSB No. 9449]
JOHNS & ASSOCIATES, PLLC
101 Brook Hill Drive
Charleston, WV  25311
Phone No:  (304) 720-2300
 Fax No:    (304) 720-2311
E-mail:     bblickenstaff@johnswvlaw.com
*Counsel for Robert L. Johns, Chapter 7 Trustee*