**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re: | Chapter 7 |
| Civil, LLC, *et al.*, | Case No. 25-20179-DLB |
| Debtors.[1] | (*Jointly Administered*) |

**EXPEDITED MOTION TO ENFORCE**
**SALE ORDER AGAINST ALBATROSS AIR, LLC**

Robert L, Johns, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estates of Civil, LLC, Big Mule Air, LLC, and other related bankruptcy entities (collectively, the "Debtors"), by and through his undersigned special counsel, respectfully submits this *Expedited Motion to Enforce Sale Order Against Albatross Air, LLC* (the "Expedited Motion") and, in support thereof, avers as follows:

**RELIEF REQUESTED**

1.      By this Expedited Motion, the Trustee seeks entry of an order enforcing the Sale Order (as defined below) and either (i) compelling Albatross Air, LLC ("Albatross") to authorize AEROtitle (the "Escrow Agent") to record the Release of Lien (as defined herein); or (ii) authorizing the Trustee to execute the Release of Lien in lieu of Albatross, thereby allowing the Trustee to close on the sale of the 2002 Bell Helicopter 206B, Aircraft Registration No. N601CC (the "Helicopter" or "Personal Property").

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of West Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The predicates for the relief requested herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and the Court's inherent power to interpret and enforce its prior orders.

## BACKGROUND

4. On August 20, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing chapter 11 cases (the "Chapter 11 Cases").

5. Due to an inability to obtain financing to fund the Chapter 11 Cases, the Chapter 11 cases were converted to chapter 7 cases (the "Chapter 7 Cases") on October 29, 2025 (the "Conversion Date"). On October 31, 2025 (the "Appointment Date"), the Trustee was appointed to administer the assets of the estates.

## HELICOPTER SALE MOTION

6. Following his appointment, on November 20, 2025, the Trustee filed the *Trustee's Motion to Sell Personal Property Free and Clear of All Liens and Encumbrances Pursuant to 11 U.S.C. § 363(f) and to Allow 11 U.S.C. § 506(c) Expenses* [Doc. No. 413] (the "Sale Motion").

7. The Sale Motion sought, *inter alia*:

   i. The authority to sell the Helicopter owned by Big Mule Air, LLC ("Big Mule"), free and clear of all liens and encumbrances including the lien asserted by Albatross, to Air Gov II, LLC (the "Purchaser") for $785,000;

ii.   To have all liens, encumbrances and interests – including lien asserted against Debtor Big Mule Air, LLC, by Albatross dated January 31, 2024, in the estimated amount of $639,224.00 and recorded with the Federal Aviation Administration (the "FAA") at conveyance number MC050330 on February 22, 2024 (the "Albatross Lien") – attach to the proceeds of the sale of the Helicopter;

iii.   The authority to execute any and all documents which he deems reasonable and necessary to consummate the sale of the Helicopter; and,

iv.   To pay sale proceeds attributable to any valid, perfected and non-avoidable security interest to the extent the Trustee determines that a secured creditor has a valid, perfected and non-avoidable security interest in the Helicopter sold pursuant to the Sale Motion.

8.   The hearing on the Trustee's Sale Motion was originally scheduled for December 5, 2025.  At the hearing held December 5, 2025, the Trustee and KIA II, LLC ("KIA") requested a brief continuance to afford the Trustee and KIA additional time to resolve the *Limited Objection and Reservation of Rights of KIA II, LLC to Trustee's Motion to Sell Personal Property Free and Clear of All Liens and Encumbrances Pursuant to 11 U.S.C. § 363(f) and to Allow 11 U.S.C. § 506(c) Expenses* [Doc. No. 434] (the "KIA Objection").  Notably, no other creditor or party-in-interest – including Albatross – objected to the Sale Motion.

9.   The Trustee and KIA resolved the KIA Objection in advance of the continued hearing on December 16, 2025.  On December 18, 2025, the Trustee caused a revised form of order to be circulated to all parties – including Albatross – in advance of filing.  The Trustee filed the revised order on December 18, 2025, and this Court entered the order [Doc. No. 495] (the "Sale Order") on December 22, 2025.  The Sale Order became final on January 5, 2026.

10.   The Sale Order provides, *inter alia*:

> [A]ll purported liens, claims, encumbrances, pledges, security interests, and charges against the [Helicopter] in the estimated amount of $639,224.00, shall attach to the Sale Proceeds (as defined in the Sale Order) in the order of their priority and with the same validity, force and effect that they now have against the Helicopter, subject to

3

any rights, claims and defenses the Trustee of the Debtor's estate, as applicable, may possess with respect thereto and nothing herein is intended or shall be deemed to be an adjudication of the extent, validity, enforceability and/or priority of any conflicting or competing liens, claims or interest with respect to the [Helicopter], and all rights are reserved with respect to the same….

*See* Sale Order, Doc. No. 495, CM/ECF p. 4.

11.     The Sale Order further provides that the Sale Proceeds totaling $639,224.00, representing the amount of asserted Albatross Lien, shall be held by the Trustee until further order of the Court, pending a determination that a secured creditor (such as Albatross) had a valid, perfected and non-avoidable security interest in the Helicopter.  *See* Sale Order, Doc. No. 495, CM/ECF pp. 4-5.

12.     At the request of Purchaser, the Trustee endeavored to close on the sale of the Helicopter on or before December 31, 2025.  However, the Escrow Agent advised the Trustee that the Purchaser could not close until Albatross agreed to release the Albatross Lien by authorizing the Escrow Agent to record a release of lien (the "Release of Lien") with the Federal Aviation Administration (the "FAA").

13.     As of the filing of this Expedited Motion, Albatross has failed and/or refused to authorize the Escrow Agent to record the Release of Lien, which has impeded the Trustee's ability to close on the sale of the Helicopter to the Purchaser.

### BASIS FOR RELIEF REQUESTED

14.     Section 105(a) of the Bankruptcy Code authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15.     The Sale Order authorized the transfer of the Helicopter to the Purchaser free and clear of all liens, interests, and encumbrances.

16.     To close on the sale and enforce the terms of the Sale Order, the Trustee respectfully requests that the Court enter an order either: (i) compelling Albatross to authorize the Escrow Agent to record the Release of Lien; or (ii) authorizing the Trustee to execute the Release of Lien on behalf of Albatross for recordation by the Escrow Agent, thereby allowing the Trustee to close on the sale of the Helicopter.

17.     Though the Sale Order divested the Helicopter of all liens, interests, and encumbrances, including the Albatross Lien, the Purchaser is not able and/or willing to close until the Escrow Agent records the Release of Lien with the FAA.  As of the filing of this Expedited Motion, Albatross has refused to authorize the Escrow Agent to record the Release of Lien with the FAA.

18.     The Trustee is still investigating the validity, priority and extent of the asserted Albatross Lien and has requested copies of all documents evidencing the same.  However, to date, Albatross has only provided the Trustee with an unrecorded copy of a document evidencing perfection of the asserted Albatross Lien,[2] not the underlying documents necessary to establish nature and amount of the obligation asserted by Albatross.

19.     At this time, the Trustee is not able to determine that the asserted Albatross Lien is a valid, perfected and non-avoidable security interest in the Helicopter.  The Trustee will review the underlying loan documents upon receipt from Albatross and will use best efforts to resolve the claims relating to the Albatross Lien.

20.     However, closing on the sale of the Helicopter is *not* conditioned upon the Trustee completing his analysis and resolving any issues arising from or relating to the Albatross Lien, as

---

[2] The Escrow Agent provided the Trustee with a recorded copy of the perfection instrument prior to the filing of this Expedited Motion, which remains subject to review by the Trustee, along with the underlying loan documents upon receipt by the Trustee.

the Albatross Lien attaches to the proceeds from the sale of the Helicopter.

21.     Despite multiple requests, Albatross has failed and/or refused to authorize the Escrow Agent to record the Release of Lien in connection with the Albatross Lien which, upon information and belief, Albatross provided to the Escrow Agent in anticipation of closing on the sale of the Helicopter prior to December 31, 2025.

22.     Accordingly, the Trustee files this Expedited Motion to enforce the Sale Order and, in doing so, respectfully requests that this Court either: (i) compel Albatross to authorize the Escrow Agent to record the Release of Lien; or (ii) authorize the Trustee to execute the Release of Lien on behalf of Albatross for recordation by the Escrow Agent, thereby allowing the Trustee to close on the sale of the Helicopter.

[*The remainder of page intentionally left blank.*]

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the

relief requested herein and such other and further relief as the Court may deem just and proper.


Dated: January 9, 2026                    **ROBERT L. JOHNS,**
                                          **CHAPTER 7 TRUSTEE**
                                          **By Counsel:**

                                          _____/s/ Robert L. Johns_____
                                          ROBERT L. JOHNS [WV S.B. #5161]
                                          Johns & Associates, PLLC
                                          101 Brook Hill Drive
                                          Charleston, West Virginia 25311
                                          (304) 720 – 2300
                                          (304) 720 – 2311 *fax*

                                          -AND-

                                          **RAINES FELDMAN LITTRELL, LLP**

                                          By: */s/ Daniel R. Schimizzi*_____
                                          Michael J. Roeschenthaler (PA ID No. 87647)
                                          Daniel R. Schimizzi (PA ID No. 311869)
                                          Sarah E. Wenrich (PA ID No. 325834)
                                          *Admitted Pro Hac Vice*
                                          11 Stanwix Street, Suite 750
                                          Pittsburgh, PA 15222
                                          Telephone: 412-899-6472
                                          Email: mroeschenthaler@raineslaw.com
                                          dschimizzi@raineslaw.com
                                          swenrich@raineslaw.com

                                          *Special Counsel to the Chapter 7 Trustee*

7

## CERTIFICATE OF SERVICE

I, Daniel R. Schimizzi, do hereby certify that service of the foregoing *Expedited Motion to Enforce Sale Order Against Albatross Air, LLC,* and certificate of service were served utilizing the ECF/CM Pacer System or by First Class mail where indicated, on this 9th day of January, 2026, to following participants:

Ancil G. Ramey
on behalf of Plaintiff Civil LLC ancil.ramey@steptoe-johnson.com, ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com
Ancil G. Ramey
on behalf of Plaintiff Resilient Eagle LLC ancil.ramey@steptoe-johnson.com
ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com
Ancil G. Ramey
on behalf of Plaintiff Pocahontas Processing LLC ancil.ramey@steptoe-johnson.com
ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com
Ancil G. Ramey
on behalf of Plaintiff Resilient Mining LLC ancil.ramey@steptoe-johnson.com,
ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com
Angel L. Beblo
on behalf of Creditor Conserv Equipment Leasing LLC angela.beblo@jacksonkelly.com
angela.beblo@ecf.courtdrive.com;vmpeery@jacksonkelly.com
Angel L. Beblo
on behalf of Creditor Conserv Lending LLC angela.beblo@jacksonkelly.com
angela.beblo@ecf.courtdrive.com;vmpeery@jacksonkelly.com
Beverly Weiss Manne
on behalf of Creditor KIA II LLC bmanne@tuckerlaw.com bewmanne@aol.com
Billy R Shelton
on behalf of Creditor Trion equipment sales llc bshelton@sheltonlaw.net
Bruce M. Jacobs
on behalf of Interested Party Coal-Mac LLC bjacobs@spilmanlaw.com rmoss@spilmanlaw.com
Bruce M. Jacobs
on behalf of Creditor Vecellio & Grogan Inc. bjacobs@spilmanlaw.com, rmoss@spilmanlaw.com
Bruce M. Jacobs
on behalf of Creditor AFCO Credit Corporation bjacobs@spilmanlaw.com rmoss@spilmanlaw.com
Christopher R. Arthur
on behalf of Interested Party United States Department of Labor chris.arthur@usdoj.gov
usawvs.ecfbankruptcy@usdoj.gov;caseview.ecf@usdoj.gov
Daniel R. Schimizzi
on behalf of Creditor Committee Official Committee of Unsecured Creditors of Civil LLC
dschimizzi@raineslaw.com,
Llescallette@raineslaw.com
Devon J. Stewart
on behalf of Plaintiff Resilient Eagle LLC devon.stewart@steptoe-johnson.com
steven.ransbottom@steptoe-johnson.com
Devon J. Stewart

on behalf of Plaintiff Pocahontas Processing LLC devon.stewart@steptoe-johnson.com
steven.ransbottom@steptoe-johnson.com

Devon J. Stewart
on behalf of Plaintiff Civil LLC devon.stewart@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Devon J. Stewart
on behalf of Plaintiff Resilient Mining LLC devon.stewart@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Eric M. Wilson
on behalf of Creditor West Virginia State Tax Department eric.m.wilson@wv.gov lora.l.rutledge@wv.gov;christine.e.evans@wv.gov

Gary O. Kinder
on behalf of U.S. Trustee United States Trustee gary.o.kinder@usdoj.gov

James W. Lane, Jr.
on behalf of Creditor Kentucky River Properties LLC jlane@flahertylegal.com rkoon@flahertylegal.com

Janet Smith Holbrook
on behalf of Creditor Community Trust Bank Inc. janet.holbrook@dinsmore.com, jamie.bishop@dinsmore.com

Jared M. Tully
on behalf of Interested Party Utica Leaseco LLC jtully@fbtlaw.com, asmith@fbtlaw.com

Jennifer J. Hicks
on behalf of Creditor SMA II LP I LLC jhicks@babstcalland.com, smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburgess@babstcalland.com

Jennifer J. Hicks
on behalf of Creditor AFG Investments 1A LLC jhicks@babstcalland.com, smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburgess@babstcalland.com

Jennifer J. Hicks
on behalf of Creditor McGinty Road Partners jhicks@babstcalland.com smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburgess@babstcalland.com

Jennifer J. Hicks
on behalf of Creditor AFG Investments 1B LLC jhicks@babstcalland.com, smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburgess@babstcalland.com

Jennifer McLain McLemore
on behalf of Creditor Pocahontas Holdings LLC jmclemore@williamsmullen.com avaughn@williamsmullen.com

Jennifer McLain McLemore
on behalf of Creditor Pocahontas Surface Interests LLC jmclemore@williamsmullen.com avaughn@williamsmullen.com

Jennifer McLain McLemore
on behalf of Creditor WPP LLC jmclemore@williamsmullen.com avaughn@williamsmullen.com

Jennifer McLain McLemore
on behalf of Creditor Pocahontas Land LLC jmclemore@williamsmullen.com avaughn@williamsmullen.com

Jennifer McLain McLemore
on behalf of Creditor Western Pocahontas Properties Limited Partnership
jmclemore@williamsmullen.com
avaughn@williamsmullen.com

Jennifer McLain McLemore
on behalf of Creditor Pocahontas Sales & Logistics LLC jmclemore@williamsmullen.com
avaughn@williamsmullen.com

John Zachary Balasko
on behalf of Debtor Yellow Garage LLC zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Debtor Pocahontas Processing LLC zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Debtor Civil LLC zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Debtor Resilient Mining LLC zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Debtor Don Holdings LLC zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Debtor Kratos Resources LLC zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Debtor Resilient Eagle LLC zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Debtor Falcon Reclamation Limited Liability Company zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Attorney Steptoe & Johnson zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Debtor Big Mule Air L.L.C. zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Debtor North Springs Holding LLC zak.balasko@steptoe-johnson.com

John Zachary Balasko
on behalf of Debtor Smoky Quartz LLC zak.balasko@steptoe-johnson.com

Joseph G. Bunn
on behalf of Creditor McGinty Road Partners jbunn@babstcalland.com
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.com;sburgess@
babstcalland.com

Joseph G. Bunn
on behalf of Creditor SMA II LP I LLC jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.com;sburgess@
babstcalland.com

Joseph G. Bunn
on behalf of Creditor AFG Investments 1A LLC jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.com;sburgess@
babstcalland.com

Joseph G. Bunn

on behalf of Creditor AFG Investments 1B LLC jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babst
calland.com;sburgess@
babstcalland.com

Joseph T Johns
on behalf of Creditor Conserv Lending LLC joseph.johns@jacksonkelly.com
joseph.johns@ecf.courtdrive.com;nicole.turner@jacksonkelly.com

Joseph T Johns
on behalf of Creditor Conserv Equipment Leasing LLC joseph.johns@jacksonkelly.com
joseph.johns@ecf.courtdrive.com;nicole.turner@jacksonkelly.com

Lauren Hutchins McCartney
on behalf of Creditor KIA II LLC lmccartney@tuckerlaw.com

Michael A Shiner
on behalf of Creditor KIA II LLC mshiner@tuckerlaw.com

Michael J. Roeschenthaler
on behalf of Creditor Committee Official Committee of Unsecured Creditors of Civil LLC
KMcCauley@wtplaw.com

Michael R. Proctor
on behalf of Creditor Pocahontas Land LLC mproctor@bowlesrice.com lcrown@bowlesrice.com

Michael R. Proctor
on behalf of Creditor Pocahontas Holdings LLC mproctor@bowlesrice.com lcrown@bowlesrice.com

Michael R. Proctor
on behalf of Creditor WPP LLC mproctor@bowlesrice.com lcrown@bowlesrice.com

Michael R. Proctor
on behalf of Creditor Pocahontas Surface Interests LLC mproctor@bowlesrice.com
lcrown@bowlesrice.com

Michael R. Proctor
on behalf of Creditor Pocahontas Sales & Logistics LLC mproctor@bowlesrice.com
lcrown@bowlesrice.com

Michael R. Proctor
on behalf of Creditor Western Pocahontas Properties Limited Partnership mproctor@bowlesrice.com
lcrown@bowlesrice.com

Peter J Raupp
on behalf of Debtor Civil LLC peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-
johnson.com

Peter J Raupp
on behalf of Plaintiff Pocahontas Processing LLC peter.raupp@steptoe-johnson.com
steven.ransbottom@steptoe-johnson.com

Peter J Raupp
on behalf of Debtor Resilient Eagle LLC peter.raupp@steptoe-johnson.com steven.ransbottom@steptoe-
johnson.com

Peter J Raupp
on behalf of Plaintiff Civil LLC peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-
johnson.com

Peter J Raupp
on behalf of Plaintiff Resilient Mining LLC peter.raupp@steptoe-johnson.com,
steven.ransbottom@steptoe-johnson.com

Peter J Raupp

on behalf of Plaintiff Resilient Eagle LLC peter.raupp@steptoe-johnson.com steven.ransbottom@steptoe-johnson.com

Peter J Raupp

on behalf of Debtor Resilient Mining LLC peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp

on behalf of Debtor Pocahontas Processing LLC peter.raupp@steptoe-johnson.com steven.ransbottom@steptoe-johnson.com

Robert L. Johns

on behalf of Trustee Robert L. Johns rjohns@turnerjohns.com bblickenstaff@turnerjohns.com;rlj@trustesolutions.net;amarshall@turnerjohns.com;rlj@trustesolutions.net

Robert L. Johns

rjohns@turnerjohns.com bblickenstaff@turnerjohns.com;rlj@trustesolutions.net;amarshall@turnerjohns.com;rlj@trustesolutions.net

Sarah Ellis

on behalf of Debtor Resilient Eagle LLC sarah.ellis@steptoe-johnson.com susan-oxley-5561@ecf.pacerpro.com

Sarah Ellis

on behalf of Debtor North Springs Holding LLC sarah.ellis@steptoe-johnson.com susan-oxley-5561@ecf.pacerpro.com

Sarah Ellis

on behalf of Debtor Kratos Resources LLC sarah.ellis@steptoe-johnson.com susan-oxley-5561@ecf.pacerpro.com

Sarah Ellis

on behalf of Debtor Yellow Garage LLC sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com

Sarah Ellis

on behalf of Debtor Big Mule Air L.L.C. sarah.ellis@steptoe-johnson.com susan-oxley-5561@ecf.pacerpro.com

Sarah Ellis

on behalf of Debtor Resilient Mining LLC sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com

Sarah Ellis

on behalf of Debtor Civil LLC sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com

Sarah Ellis

on behalf of Debtor Pocahontas Processing LLC sarah.ellis@steptoe-johnson.com susan-oxley-5561@ecf.pacerpro.com

Sarah Ellis

on behalf of Debtor Falcon Reclamation Limited Liability Company sarah.ellis@steptoe-johnson.com susan-oxley-5561@ecf.pacerpro.com

Sarah Ellis

on behalf of Debtor Smoky Quartz LLC sarah.ellis@steptoe-johnson.com susan-oxley-5561@ecf.pacerpro.com

Sarah Ellis

on behalf of Debtor Don Holdings LLC sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com

Sarah Elizabeth Wenrich
on behalf of Creditor Committee Official Committee of Unsecured Creditors of Civil LLC
swenrich@raineslaw.com

Shari Collias
on behalf of U.S. Trustee United States Trustee Shari.Collias@usdoj.gov

Stephen L. Thompson
on behalf of Creditor Committee Official Committee of Unsecured Creditors of Civil LLC
sthompson@barth-thompson.com,
chris@barth-thompson.com

United States Trustee
ustpregion04.ct.ecf@usdoj.gov

Zachary J. Rosencrance
on behalf of Defendant Pocahontas Holdings LLC zrosencrance@bowlesrice.com
ajones@bowlesrice.com

Zachary J. Rosencrance
on behalf of Creditor Pocahontas Sales & Logistics LLC zrosencrance@bowlesrice.com
ajones@bowlesrice.com

Zachary J. Rosencrance
on behalf of Defendant Western Pocahontas Properties Limited Partnership
zrosencrance@bowlesrice.com
ajones@bowlesrice.com

Zachary J. Rosencrance
on behalf of Defendant Pocahontas Land LLC zrosencrance@bowlesrice.com ajones@bowlesrice.com

Zachary J. Rosencrance
on behalf of Creditor Western Pocahontas Properties Limited Partnership zrosencrance@bowlesrice.com
ajones@bowlesrice.com

Zachary J. Rosencrance
on behalf of Defendant Pocahontas Sales & Logistics LLC zrosencrance@bowlesrice.com
ajones@bowlesrice.com

Zachary J. Rosencrance
on behalf of Creditor Pocahontas Surface Interests LLC zrosencrance@bowlesrice.com
ajones@bowlesrice.com

Zachary J. Rosencrance
on behalf of Creditor Pocahontas Land LLC zrosencrance@bowlesrice.com ajones@bowlesrice.com

Zachary J. Rosencrance
on behalf of Creditor WPP LLC zrosencrance@bowlesrice.com ajones@bowlesrice.com

Zachary J. Rosencrance
on behalf of Creditor Pocahontas Holdings LLC zrosencrance@bowlesrice.com ajones@bowlesrice.com

Zachary J. Rosencrance
on behalf of Defendant Pocahontas Surface Interests LLC zrosencrance@bowlesrice.com
ajones@bowlesrice.com

*First Class Mail:*

| | | |
|---|---|---|
| Alejandro A. Herrera<br>1835 Market Street<br>MailStop SOL/22<br>Philadelphia, PA  19103-2968 | Andrew J. Glasnovich<br>Stinson, LLP<br>50 South Sixth Street<br>Suite 2600<br>Minneapolis, MN  55402-2241 | Barth & Thompson<br>PO Box 129<br>Charleston, WV  25321-0129 |
| Elizabeth A. Kuschel<br>U.S. Department of Labor<br>1835 Market Street<br>MailStop SOL/22<br>Philadelphia, PA  19103-2968 | Michael David Mueller<br>Williams Mullen<br>Williams Mullen Center<br>200 South 10th Street, Suite 1600<br>PO Box 1320<br>Richmond, VA  23218-1320 | Stanton L. Cave<br>Stan Cave Law Office, PLLC<br>PO Box 910457<br>Lexington, KY  40591-0457 |
| Epperly Re: Solutions<br>122 Capitol Street<br>Suite 201<br>Charleston, WV   25301-2630 | Albatross Air, LLC<br>380 Airport Circle<br>Beaver, WV  25813 | Air Gov II, LLC<br>635 Bomber Drive<br>Rome, NY  13441 |

Respectfully submitted:

**RAINES FELDMAN LITTRELL, LLP**

By: */s/ Daniel R. Schimizzi*
Michael J. Roeschenthaler (PA ID No. 87647)
Daniel R. Schimizzi (PA ID No. 311869)
Sarah E. Wenrich (PA ID No. 325834)
*Admitted Pro Hac Vice*
11 Stanwix Street, Suite 750
Pittsburgh, PA 15222
Telephone: 412-899-6472
Email: mroeschenthaler@raineslaw.com
       dschimizzi@raineslaw.com
       swenrich@raineslaw.com