## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

**CIVIL, LLC, *et al.*,**[1]

Debtor.

**VECELLIO & GROGAN, INC.,**

Movant.

v.

**CIVIL, LLC,**
799 Highway 3459
Harlan, KY 40831

and

**ROBERT L. JOHNS, TRUSTEE**
Turner & Johns, PLLC
808 Greenbrier Street
Charleston, WV 25311

Respondents.

ALSO SERVE:

**John Zachary Balasko**
Steptoe & Johnson PLLC
Edwin Miller Professional Building
1250 Edwin Miller Blvd., Suite 300
Martinsville, WV 25301

Case No. 25-20179 (DLB)

Chapter 7

(Jointly Administered)

## VECELLIO & GROGAN, INC.'S MOTION FOR
## RELIEF FROM THE AUTOMATIC STAY

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

COMES NOW, Vecellio & Grogan, Inc. (the "Movant"), by counsel, and respectfully requests that the automatic stay provisions of 11 U.S.C. § 362(a) be terminated and for its reasons states as follows:

**Jurisdiction**

1. Civil, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of West Virginia, Charleston Division (the "Court") on August 20, 2025 (the "Petition Date"), commencing the above-captioned case (the "Case").

2. On October 29, 2025, the Court entered an order [ECF No. 322] converting the Case to one under Chapter 7 of the Bankruptcy Code.

3. On October 31, 2025, Robert L. Johns (the "Trustee") was appointed as Chapter 7 Trustee in the Case pursuant to section 702(d) of the Bankruptcy Code and continues to serve in that capacity [ECF No. 330].

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are sections 105(a) and 362(d) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 4001 and 9014.

**Background**

5. On or about September 1, 2023, Civil, LLC (the "Debtor") executed a Lease (the "Lease") to lease certain real property owned by Movant described as

> that certain land and three (3) buildings situate at 2251 Robert C. Byrd Drive, Beckley, West Virginia, located in Raleigh County, West Virginia, including the Main Shop, Engine Shop, Welding Shop, Truck Shop, Parts Room, Training Room,

Paint Shop, Hanger and Paved/Limestone Equipment Yard, and parking (the "Premises"), located on the land more particularly described as two parcels, one in Town Tax District, on Tax Map 300-2, Parcel 2 and one in Mabscott Tax District, on Tax Map 7, Parcel 145, containing approximately 11.29 acres, more or less.

(the "Premises"). A true and accurate copy of the Lease is attached as **Exhibit A**.

6.      The Lease had a term of two (2) years, after which the Debtor had the option renew for an additional term of two (2) years upon provision of proper notice. Ex. A, ¶¶ 2–3.

7.      If the Debtor failed to renew the Lease and the tenancy term expired, the Lease would become a month to month holdover tenancy, the total monthly rent would increase by 10%, and the Lease could be terminated by either Movant or Debtor upon thirty (30) days written notice. Ex. A, ¶ 24.

8.      Under the Lease, during the term of the Lease, the rent was $20,000 per month for the first twelve (12) months, $20,600 per month for the second twelve (12) months, and $22,600 for holdover months. Ex. A, ¶¶ 4, 24.

9.      In late June 2025, Debtor's representative made a verbal notification that the Debtor would be interested in exercising its renewal option under the Lease, but no written notification was made 180 days prior to the Lease term's expiration.

10.     By August 1, 2025, Debtor had defaulted under the terms of the Lease by failing to make its regular monthly rent payment for August 2025.

11.     By the Petition Date, real estate taxes had accrued which Debtor owes Movant for Debtor's share pursuant to the Lease. Ex. A, ¶ 12.

12.     Since the Petition Date, Debtor has neither cured its pre-petition deficiencies, nor moved to assume or reject the Lease, nor made the regular monthly payments due under the Lease.

13. Pursuant to the Lease, the two-year term expired on October 1, 2025, without the Debtor exercising its option to renew; therefore, the Lease is now treated as a month to month holdover tenancy.

14. Since the Case's conversion, the Trustee has neither cured Debtor's pre- and post-petition defaults, nor moved to assume or reject the Lease, nor made the regular monthly payments due under the Lease, nor provided any form of adequate protection to Movant.

15. As of February 2, 2026, the Debtor is in arrears approximately $228,753.08 for past due rent and has caused Movant to incur approximately $6,408.98 in expenses. A copy of an invoice detailing Debtor's unfulfilled obligations under the Lease is attached as **Exhibit B**.

16. Pursuant to the terms of the Lease, Movant wishes to terminate Debtor's holdover tenancy and make the Premises ready for leasing to other interested parties. Ex. A, ¶¶ 23–24.

**Argument**

17. Bankruptcy Code Section 362(b)(10) states that the "filing of a petition under section 301…of this title…does not operate as a stay-- under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property." 11 U.S.C. § 362(b)(10).

18. Relief from the automatic stay is appropriate "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). "Adequate protection" is defined by Bankruptcy Code section 361 and may be provided by

> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

19. Under 11 U.S.C. §§ 362(d)(2), stay relief is appropriate where the properties in question have no equity and are not necessary to an effective reorganization. Once the creditor establishes that the debtor lacks equity in property, the debtor has the burden of establishing that the collateral at issue is necessary to an effective reorganization. 11 U.S.C. § 362(g).

20. The Lease terminated post-petition pursuant to its terms when the Debtor failed to exercise its renewal options. Therefore, under 11 U.S.C. § 362(b)(10), the automatic stay is not operative as to Premises.

21. To the extent the Lease's holdover provision interferes with the applicability of 11 U.S.C. § 362(b)(10), and due to the presence of personal property on the Premises believed to be property of the Debtor's estate, termination of the stay is further appropriate under 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

22. Movant's interest in the property has not been adequately protected. "Adequate protection" is defined by Bankruptcy Code section 361. According to the Fourth Circuit:

The concept of adequate protection is an amorphous one, but, in essence, it means that the value of a creditor's interest in the property securing the debt owed to him may not be diminished. A secured creditor may be adequately protected by (1) the transfer of cash to the creditor from other estate assets to compensate for the collateral's diminution in value; (2) the provision of a replacement lien in another asset of the estate; or (3) the grant of such other relief as will result in the creditor realizing the "indubitable equivalent" of his interest in the collateral.

*In re JKJ Chevrolet, Inc.*, 1997 WL 407827, at *2 (4th Cir. 1997).

23.     No cash payments have been made to Movant under the Lease since the Petition Date, no replacement liens have been granted to Movant, and no "indubitable equivalent" has been offered to protect Movant's interest in the Premises. Instead, the value of the Premises to Movant has diminished as Movant has had to pay real estate and other taxes for the Premises that cannot be recouped from the occupying tenant (the Debtor) and cannot re-let the space to a paying tenant.

24.     Absent relief from stay, Movant's interests will continue to diminish as it will not be able to lease the property to another tenant and more taxes will continue to accrue. Since neither the Debtor nor the Trustee have offered adequate protection to protect Movant's interest in the Premises, relief from the automatic stay is warranted under 11 U.S.C. § 362(d)(1).

25.     Debtor was a mere lessor of the Premises and has no equity in the Premises, and since the deadline for the Debtor to renew the Lease has expired, has no equity or interest in the Lease. Further, since Debtor is no longer operating and its use of the Premises has seemingly dwindled to mere storage of personal property, Debtor will likely find storage space for said personal property that is more appropriately sized and priced to the benefit of Debtor's estate. Finally, since the Case was converted to one under Chapter 7 of the Bankruptcy Code and Debtor's estate is now being liquidated, whatever residual interest Debtor holds under the Lease is no longer necessary for Debtor's reorganization. *See In re J & M Salupo Dev. Co., Inc.*, 388 B.R. 809, 812–13 (Bankr. N.D. Ohio 2008) ("In a Chapter 7 case, as exists herein, the property is not necessary to a reorganization because the estate's assets are being liquidated in accordance with Chapter 7 provisions."). Therefore, relief from the automatic stay is warranted under 11 U.S.C. § 362(d)(2).

26.     Movant requests the Court to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(4) so that Movant can immediately enforce any order granting relief from the automatic stay.

WHEREFORE, pursuant to 11 U.S.C. §§ 362(d)(10), 362(d)(1) ,and 362(d)(2), Movant respectfully requests that the Court terminate the automatic stay in effect pursuant to 11 U.S.C. § 362(a) as to Movant so that it may protect its interests, and that the Court award such other and further relief as may be just.

Dated: March 3, 2026                                 **VECELLIO & GROGAN, INC.**

By: */s/ Bruce M. Jacobs*
Bruce M. Jacobs (WV State Bar No. 6333)
Spilman Thomas & Battle, PLLC
Post Office Box 273
Charleston, WV 25321-0273
Tel: (304) 340-3800
    (304) 340-3801 (*facsimile*)
Email: bjacobs@spilmanlaw.com

*Counsel for Movant*

- 7 -

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

In re:

**CIVIL, LLC, *et al.*,[1]**

Debtor.

**VECELLIO & GROGAN, INC.,**

Movant.

v.

**CIVIL, LLC,**

and

**ROBERT L. JOHNS, TRUSTEE**

Case No. 25-20179 (DLB)

Chapter 7

(Jointly Administered)

**NOTICE OF HEARING FOR VECELLIO & GROGAN, INC.'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**NOTICE IS HEREBY GIVEN** of the attached *Vecellio & Grogan, Inc.'s Motion for Relief from the Automatic Stay* (the "Motion") to permit Vecellio & Grogan, Inc. ("Movant") to enforce its rights to (1) terminate its lease with Debtor Civil, LLC and (2) regain possession and control over certain real property owned by Movant and currently occupied by Civil, LLC.

Failure to respond in writing to the Court within fifteen (15) days from the date of this notice may result in the requested relief being granted by this Court without a hearing or further notice.

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

All interested parties will be notified by the Clerk of the Bankruptcy Court if a hearing is scheduled on this matter.

Dated: March 3, 2026.

/s/ *Bruce M. Jacobs*
Bruce M. Jacobs, Esq. (WVSB No. 6333)
Spilman Thomas & Battle, PLLC
300 Kanawha Blvd., East
Charleston, WV 25301
Telephone:  (304) 340-3863
Email:  bjacobs@spilmanlaw.com
*Counsel for Movant*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

In re:

**CIVIL, LLC, *et al.*,**[1]

Debtor.

**VECELLIO & GROGAN, INC.,**

Movant.

v.

**CIVIL, LLC,**

and

**ROBERT L. JOHNS, TRUSTEE**

Respondents.

Case No. 25-20179 (DLB)

Chapter 7

(Jointly Administered)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and Notice were served electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and by first class mail on March 3, 2026 addressed to:

CIVIL, LLC
799 Highway 3459
Harlan, KY 40831
*Debtor*

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

JOHN ZACHARY BALASKO, ESQ.
Steptoe & Johnson PLLC
Edwin Miller Professional Building
1250 Edwin Miller Blvd., Suite 300
Martinsburg, WV 25404
*Counsel for Debtor*

ROBERT L. JOHNS, TRUSTEE
Turner & Johns, PLLC
808 Greenbrier Street
Charleston, WV 25311
*Chapter 7 Trustee*

UNITED STATES TRUSTEE
2025 Robert C. Byrd U.S. Courthouse
300 Virginia Street, East
Charleston, WV 25301

*/s/ Bruce M. Jacobs*
Bruce M. Jacobs (WV State Bar No. 6333)