**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re: | Chapter 7 |
| Civil, LLC, *et al.*, | Case No. 25-20179-DLB |
| | (*Jointly Administered*) |
| Debtors.[1] | |

**CONSENT ORDER CONTINUING EVIDENTIARY HEARING AND EXTENDING
APPLICABLE DEADLINES REGARDING TRUSTEE'S EMERGENCY MOTION TO
(I) ENFORCE THE AUTOMATIC STAY, (II) VOID THE TRANSFER OF ESTATE
PROPERTY, AND (III) EXTEND PERIOD FOR TRUSTEE TO EXERCISE
CONTRACTUAL PURCHASE OPTION**

Upon the agreement by and among: (i) Robert L, Johns, Chapter 7 Trustee (the "Trustee")

for the Bankruptcy Estates of Civil, LLC, Big Mule Air, LLC, and other related bankruptcy entities

(collectively, the "Debtors"); (ii) Ricky Dale Cole, Elizabeth Cole, Chad D. Cole, and Holly Cole

(collectively, the "Property Sellers"); and (iii) Manchester Realty, LLC ("Manchester" and with

the Trustee and Property Sellers, each, a "Party" and collectively, the "Parties") to continue the

final evidentiary hearing for approximately two (2) weeks and extend applicable deadlines, if any,

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

relating[2] to the Trustee's *Emergency Motion to (I) Enforce the Automatic Stay, (II) Void the Transfer of Estate Property, and (III) Extend Period for Trustee to Exercise Contractual Purchase Option* [Doc. No. 654] (the "Motion")[3] to allow the Parties additional time to continue their good faith settlement negotiations, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The final evidentiary hearing the Motion is hereby **CONTINUED** to the _____ day of _____, 2026, at _____.m.   in   the   U.S.   Bankruptcy Courtroom Room 6200, 6th Floor Robert C. Byrd U.S. Courthouse, 300 Virginia Street East, Charleston, West Virginia.  The evidentiary hearing scheduled for March 20, 2026, at 11:00 a.m. is hereby **CANCELLED**.

2.    Ricky Dale Cole, Elizabeth Cole, Chad D. Cole and Holly Cole shall have until 4:00 P.M. (prevailing Eastern time) on _____, 2026 (i.e., seven (7) days before the final evidentiary hearing) to file a written response to the Motion.

3.    The deadline for the Trustee to exercise the Purchase Option, if it is determined to exist and able of being exercised, is hereby EXTENDED to a date that is five (5) business days following the Court rendering a decision on the relief requested in the Motion following the final evidentiary hearing.

4.    The deadline for the Trustee to assume or reject the Contract, if it is determined to exist and able of assumed or rejected, is hereby EXTENDED to a date that is five (5) business

---

[2] By way of this Consent Order neither the Property Sellers nor Manchester agree that there is any exercisable right to the Purchase Option or ability to assume or reject the Contract. Property Sellers and Manchester reserve, and do not waive, any and all arguments, positions, and objections to the Trustee's Motion.
[3] Capitalized terms not otherwise defined herein shall have the same definitions as ascribed to them in the Motion.

days following the Court rendering a decision on the relief requested in the Motion following the final evidentiary hearing.

5.      The relief granted in this Order is without prejudice to the rights of the Trustee to seek further extension(s) of the deadline to exercise the Purchase Option or the Property Sellers' or Manchester's right to oppose any such further extension(s).

6.      This Order shall be effective and enforceable immediately upon entry.

7.      This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order and any other orders entered in connection with the Emergency Motion

Prepared by: */s/ Daniel R. Schimizzi*
Daniel R. Schimizzi, Special Counsel to the Chapter 7 Trustee

**Seen and agreed to by**:

**Ricky Dale Cole, Elizabeth Cole,**
**Chad D. Cole, & Holly Cole**

By Hissam Forman Donovan Ritchie, PLLC

*/s/ Max C. Gottlieb*
Max C. Gottlieb (WV State Bar No. 13201)
Carl W. Shaffer (WV State Bar No. 13260)
HISSAM FORMAN DONOVAN RITCHIE, PLLC
P.O. Box 3983
Charleston, WV 25339
681 - 265 - 3802 *office*
304 – 982 – 8056 *fax*
mgottlieb@hfdrlaw.com
cshaffer@hfdrlaw.com

Brian D. Bailey (visiting attorney)
THE BAILEY LAW GROUP
426 S. Main Street
Danville, KY 40422
859-236-8888
brian@brianbaileylaw.com

**MANCHESTER REALTY, LLC**

By Spilman Thomas & Battle, PLLC

*/s/ Bruce M. Jacobs*
Bruce M. Jacobs (WV State Bar No. 6333)
Spilman Center
300 Kanawha Boulevard, East (25301)
PO Box 273
Charleston, WV 25321-0273
(304) 340-3800 (telephone)
(304) 340-3801 (facsimile)
bjacobs@spilmanlaw.com