**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re: | Chapter 7 |
| Civil, LLC, *et al.*, | Case No. 25-20179-DLB |
| Debtors.[1] | (*Jointly Administered*) |

**LIMITED OBJECTION OF KIA II, LLC TO TRUSTEE'S EXPEDITED MOTION TO
CONSIDER ENTRY OF ORDERS (A) APPROVING AUCTION PROCEDURES FOR
SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' MACHINERY,
EQUIPMENT AND RELATED MINING ASSETS; (B) AUTHORIZING THE TRUSTEE
TO DESIGNATE STALKING HORSE BIDDERS AND APPROVING PROPOSED
STALKING HORSE BID PROTECTION; (C) SCHEDULING HEARING TO APPROVE
THE SALE OF THE DEBTORS' ASSETS; (D) SCHEDULING AUCTION AND SALE
HEARING; (E) APPROVING  FORM AND MANNER OF NOTICE OF AUCTION AND
<u>SALE HEARING; AND (F) GRANTING RELATED RELIEF</u>**

KIA II, LLC ("**KIA**") files this limited objection to the Trustee's *Expedited Motion to
Consider Entry of Orders (A) Approving Auction Procedures for Sale of All of Substantially All of
the Debtors' Machinery, Equipment and Related Mining Assets; (B) Authorizing the Trustee to
Designate Stalking Horse Bidders and Approving Proposed Stalking Horse Bid Protections; (C)
Scheduling Hearing to Approve Sale of the Debtors' Assets; (D) Scheduling Auction; (E)
Approving Form and Manner of Notice of Auction and Sale Hearing; and (F) Granting Related
Relief* [Docket No. 690] (the "**Auction Motion**"):

**<u>PRELIMINARY STATEMENT</u>**

KIA welcomes the progress of the sale process in this matter and does not generally object
to the relief requested in the Auction Motion. KIA files this limited objection only to seek clarity

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as
follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC
(3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding
LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow
Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky
40831.

regarding certain provisions of the proposed order and auction procedures attached to the Auction Motion and to request certain amendments to the proposed order and auction procedures. KIA has, as explained below, the following general concerns: (a) confirming that KIA has the right to credit bid in the auction pursuant to the DIP Order; (b) directing the Trustee to file a list of what is owed on payoffs on assets to be sold at the auction; (c) confirming that KIA is a qualified bidder pursuant to the DIP Order; (d) modifying the proposed order and auction procedures to not provide that bidders and their counsel must confirm that there have been no communications with any other potential bidders regarding the assets being sold at the auction; and (e) clarifying that stalking horse bidders need only state the total purchase price for the assets the bidder is submitting the bid for, rather than the purchase price for each asset individually in their bid.

## **BACKGROUND**

1.      On August 20, 2025 ("**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of West Virginia ("**Court**").  The Court approved the joint administration of the Debtors' cases by Order dated August 22, 2025 [Docket No. 47].

2.      On September 24, 2025, the Court entered a *Second Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 224] (the "**KIA DIP Order**"),  authorizing the Debtors to obtain a multiple draw senior secured debtors-in-possession term loan facility in an aggregate principal amount of up to $4,000,000.00 (the "**KIA DIP Loan**") from KIA.

3.      The KIA DIP Order provides:

[T]he DIP Lender is hereby granted continuing, valid, binding, enforceable, non-avoidable, and automatically and properly perfected postpetition liens on, and security interests in (collectively, the "DIP Liens"), except as otherwise set forth herein, all tangible and intangible prepetition and postpetition property in which the Debtors have an interest, whether real or personal, whether now existing or hereafter acquired and all proceeds thereof(the "DIP Collateral"). KIA DIP Order, ¶ 5.

**\*\*\*\***

The DIP Liens shall consist of: . . . [(i)] Pursuant to section 364(c)(2) of the Bankruptcy Code, ***valid, binding, continuing, enforceable, and fully perfected, first priority security interests and liens upon all prepetition and postpetition assets of the Debtors, whether existing on the Petition Date or thereafter acquired that, on or as of the Petition Date (or perfected thereafter as permitted by section 546(b) of the Bankruptcy Code) or the date acquired (if acquired after the Petition Date) that is not subject to a properly perfected, valid, enforceable and unavoidable lien, including but not limited to the property set forth on Schedule 6 to the DIP Facility Term Sheet*** (collectively, the "Unencumbered Property"). . . . [(ii)] Pursuant to Section 364(c)(3) of the Bankruptcy Code, ***valid, binding, continuing, enforceable, and fully perfected, junior priority security interests and liens upon all DIP Collateral that is subject to valid and properly perfected prepetition security interests and liens as of the Petition Date***. KIA DIP Order, ¶ 6 (emphasis added).

**\*\*\*\***

Subject to Section 363(k) of the Bankruptcy Code, ***in connection with any sale process authorized by the Court, the DIP Lender (either directly or through an acquisition vehicle) may credit bid up to the full amount of the applicable outstanding DIP Obligations***, in each case including any accrued and unpaid interest and expenses (each a "Credit Bid") in any sale of any DIP Collateral, whether such sale is effectuated through section 363 or section 1129 of the Bankruptcy Code, by a Chapter 7 trustee under section 725 of the Bankruptcy Code, or otherwise, subject to the provision of consideration sufficient to pay in full in cash any senior liens on the DIP Collateral that is subject to the Credit Bid. ***The DIP Lender shall be considered a "Qualified Bidder" with respect to its rights to acquire all or any of the assets by Credit Bid.*** KIA DIP Order, ¶ 21 (emphasis added).

4.      Following the entry of the KIA DIP Order, KIA loaned $3,200,000.00 to the

Debtors.

5.      On October 29, 2025, the Court converted the Debtors' chapter 11 cases to cases

under chapter 7 of the Bankruptcy Code [Docket No. 322].

6.      On October 29, 2025, Robert L. Johns was appointed Chapter 7 Trustee in this

matter (the "**Trustee**") [Docket No. 330].

7.      On March 4, 2026, the Trustee filed the Auction Motion, along with a proposed

order (the "**Proposed Order**") and auction procedures (the "**Proposed Auction Procedures**")

attached thereto.

8.      The Proposed Order provides:

Subject to the exercise of his sound business judgment in accordance with his
fiduciary duties to the estates, the Trustee may accept credit bids by any putative
Lienholder. To the extent the Trustee does not accept a duly submitted credit bid,
such Lienholder may proceed with a credit bid in the Auction upon entry of an
appropriate order by this Court, after notice and hearing, which the Trustee will
consent to being heard on an expedited basis. Proposed Order, ¶ 14.

**** 

Any putative Lienholder seeking the Court's authority to credit bid should include
in its filing with the Court a proposed alternative for adequate assurance of payment
if the purported lien is ultimately deemed to be invalid. Proposed Order, ¶ 15.

**** 

Each bidder and their counsel participating at the Auction shall confirm, by
executing a document, under penalty of perjury, that . . . (b) there have been no
communications with any other potential bidder(s) ***regarding the Assets being sold***
or bids relating to the same[.] Proposed Order, ¶ 23 (emphasis added).

9.      The Proposed Auction Procedures provide:

All bids seeking Stalking Horse Bid consideration shall (i) be in writing; (ii)
identify the bidder and provide contact information; (iii) identify the specific pieces
of Assets the bidder is submitting the bid for, (iv) ***state the purchase price for each
of the Assets***, and (v) include a statement confirming the bidder, if selected as a
Stalking Horse Bidder, will attend the Auction, and acknowledges that in the event
there are no other bids on the Assets for which they are serving as the Stalking
Horse Bid, they will be deemed the Successful Bidder for the applicable portion of
the Assets. Proposed Auction Procedures, p. 2.

**** 

4

Each bidder and their counsel participating at the Auction will be required to confirm by executing a document, under penalty of perjury, that . . . (b) there have been no communications with any other potential bidder(s) regarding the Assets being sold or bids relating to the same. Proposed Auction Procedures, p. 2.

## LIMITED OBJECTION

### I.   Credit Bidding

10.   The KIA DIP Order grants KIA a first priority lien on all of the unencumbered assets of the Debtors, including but not limited to the property of the Debtors set forth in Schedule 6 of the "DIP Facility Term Sheet" attached thereto as Exhibit A (the "**Unencumbered Property List**"), and a junior lien on all of the property of the Debtors subject to valid and properly perfected prepetition security interests and liens as of the Petition Date. KIA DIP Order, ¶ 6.

11.   Under the KIA DIP Order, KIA has the right to credit bid on all the Debtors' assets and is a "qualified bidder" with respect to its rights to acquire any of the assets of the Debtor by credit bid. KIA DIP Order, ¶ 21

12.   As such, the Trustee should not have discretion to prohibit KIA from credit bidding on any of the assets listed on the Unencumbered Property List or on any of the Debtors' assets to be sold at the auction to the extent that claims secured by such assets are fully paid.

13.   Accordingly, KIA respectfully requests that if the Court enters an order granting the Auction Motion, it states in such order that KIA is a qualified bidder and has the right to credit bid on any of the assets listed on the Unencumbered Property List or on any of the Debtors' assets to be sold at the auction to the extent that claims secured by such assets are fully paid.

14.   To maximize the value of the auction to the estate and facilitate the sale process, KIA also respectfully requests that if the Court enters an order granting the Auction Motion, it directs the Trustee in such order to file a list of the amounts owed on claims secured by the assets to be sold at the auction.

## II.     Stalking Horse Bids

15.     The Proposed Auction Procedures provides that bidders seeking stalking horse consideration shall, *inter alia*, "identify the specific pieces of Assets the bidder is submitting the bid for" and "state the purchase price for each of the Assets." Proposed Auction Procedures, p. 2.

16.     To the extent that this provision of the Proposed Auction Procedures requires that bidders seeking stalking horse consideration provide the Trustee with a purchase price for each of the assets included in their bid, this provision is inappropriate and the Court should change the Auction Procedures so it is not required.

17.     Accordingly, KIA respectfully requests that if the Court enters an order granting the Auction Motion, it amends the Proposed Auction Procedures so that bidders seeking stalking horse consideration on multiple assets need only provide the Trustee with the total purchase price for the whole lot of the assets for which the bidder is seeking stalking horse consideration.

## III.     Communications Between Potential Bidders

18.     The Proposed Order and Proposed Auction Procedures provide "that each bidder and their counsel participating at the Auction will be required to confirm by executing a document, under penalty of perjury" that, *inter alia*, "there have been no communications with any other potential bidder(s) regarding the Assets being sold or bids related to the same."

19.     KIA has no objection to this provision of the Proposed Order and Proposed Auction Procedures requires that bidders confirm that they have had no communications regarding *bids* relating to the assets to be sold with other potential bidders.

20.     However, KIA and other secured lenders who may also be bidders have had communications regarding the Assets being sold.

21.     The language of this provision of the Proposed Order and Proposed Auction Procedures prohibiting potential bidders who discuss "Assets" from bidding on the assets to be sold at the auction should be removed.

22.     The provision of the Proposed Order and Proposed Auction Procedure requiring each bidder and their counsel participating at the Auction to confirm by executing a document under penalty of perjury that "there have been no communications with any other potential bidder(s) regarding the Assets being sold" is not necessary to preserve the integrity of the auction process and risks diminishing the value of the auction to the estate. The rest of the language of these paragraphs of the Proposed Order and Proposed Auction procedures is sufficient by itself to protect the integrity of the auction.

23.     Accordingly, the KIA respectfully requests that if the Court enters an order granting the Auction Motion, it eliminate the language in the Proposed Order and Proposed Auction Procedures requiring that bidders and their counsel confirm that they have not communicated with other potential bidders "regarding the Assets being sold."

24.     KIA joins in the objections of other parties objecting to the Auction Motion to the extent not inconsistent with these limited objections.

WHEREFORE, KIA respectfully requests that if the Court grants the Auction Motion, it (i) amends the Proposed Order to state that: (a) KIA has the right to credit bid in the auction pursuant to the DIP Order, (b) the Trustee shall file a list of what is owed on payoffs on assets to be sold at the auction, and (c) KIA is a qualified bidder pursuant to the DIP Order; (ii) eliminates the language in the Proposed Order and Proposed Auction Procedures requiring bidders to confirm that they have not communicated with other potential bidders regarding the assets to be sold; (iii) clarifies that stalking horse bidders need only state the total purchase price for the assets the bidder

is submitting the bid for, rather than the purchase price for each asset individually; and (iv) grants

such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:      March 20, 2026                    TUCKER ARENSBERG, P.C.

/s/ Michael A. Shiner_____
Michael A. Shiner, Esq. (PA ID No. 78088)
Beverly Weiss Manne, Esq. (PA ID No. 34545)
Lauren Hutchins McCartney, Esq.  (WV ID 12304)
Michael Leahey, Esq.  (WV ID 9934)
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
mshiner@tuckerlaw.com
bmanne@tuckerlaw.com
lmccartney@tuckerlaw.com
mleahy@tuckerlaw.com

Counsel for KIA II, LLC

8

## <u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury that on March 20, 2026, a true and correct copy of the foregoing *Limited Objection to the Trustee's Expedited Motion to Consider Entry of Orders (A) Approving Auction Procedures for Sale of All of Substantially All of the Debtors' Machinery, Equipment and Related Mining Assets; (B) Authorizing the Trustee to Designate Stalking Horse Bidders and Approving Proposed Stalking Horse Bid Protections; (C) Scheduling Hearing to Approve Sale of the Debtors' Assets; (D) Scheduling Auction; (E) Approving Form and Manner of Notice of Auction and Sale Hearing; and (F) Granting Related Relief* filed by KIA II, LLC, was served on all parties requesting electronic notice via the Court's CM/ECF System.

*/s/ Michael A. Shiner*
Michael A. Shiner, Esquire