**Exhibit B**

**Redline Comparison**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In Re: | Case No.: 25-20179-DLB |
| CIVIL, LLC, *et al.*, [1] | Chapter 7 |
| Debtors. | Jointly Administered |

**ORDER (A) APPROVING AUCTION PROCEDURES FOR SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' MACHINERY, EQUIPMENT AND RELATED MINING ASSETS; (B) AUTHORIZING THE TRUSTEE TO DESIGNATE STALKING HORSE BIDDERS AND APPROVING PROPOSED STALKING HORSE BID PROTECTIONS; (C) SCHEDULING HEARING TO APPROVE THE SALE OF THE DEBTORS' ASSETS; (D) SCHEDULING AUCTION; (E) APPROVING FORM AND MANNER OF NOTICE OF AUCTION AND SALE HEARING; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the *Expedited Motion to Consider Entry of Orders (A) Approving Auction Procedures for Sale of All or Substantially All of the Debtors' Machinery, Equipment, and Related Mining Assets; (B) Authorizing the Trustee to Designate Stalking Horse Bidders and Approving Proposed Stalking Horse Bid Protections; (C) Scheduling Hearing to Approve Sale of the Debtors' Assets; (D) Scheduling Auction;(E) Approving Form and Manner of Notice of Auction*

---

1 The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313) (collectively, the "Debtors"). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

*and Sale Hearing; and (F) Granting Related Relief* (the "<u>Motion</u>"),[2] and the Court, having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and the Court having considered the Motion, the arguments of counsel and the evidence presented at the hearing on the Motion (the "<u>Auction Procedures Hearing</u>") and the entire record; and the Court having found that the Trustee provided due and sufficient notice of the Motion and Auction Procedures Hearing and the relief sought in the Motion under the particular circumstances, and it appearing no other or further notice need be provided; and the Court having reviewed the Motion, the filings in support of the Motion, and all objections to the relief sought in the Motion; and the Court having found that the relief requested in the Motion is in the best interest of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and good and sufficient cause appearing for the relief sought in the Motion, it is hereby **FOUND AND DETERMINED** that:

A.     The findings of fact and conclusions of law set forth in this Auction Procedures Order constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this case pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusion of law, they are hereby adopted as such. Any findings of fact or conclusions of law stated by the Court on the record at the Auction Procedures Hearing are hereby incorporated, to the extent they are not inconsistent with this Order.

---

2 Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The statutory and legal bases for the relief requested in the Motion are sections 105, 363(b), 363, 364, 365, 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 4001, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

D.      A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the Auction Procedures) has been afforded to all interested persons and entities, including, but not limited to, the Sale Notice Parties.

E.      Notice of the Motion and the Auction Procedures Hearing was adequate and sufficient under the circumstances of these Chapter 7 Cases, and such notice complied with sections 102(1), 105(a), 363, and 365 of the Bankruptcy Code, and Rules 2002, 6004, 6006, and 9014 of the Bankruptcy Rules.

F.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors and their respective estates, creditors, and all other parties-in-interest.

G.      The Trustee has demonstrated a compelling and sound business justification for the Court to enter this Order approving a sale process for the sale of the Assets, including the Trustee's request for the authority to designate, upon consultation with the Consultation Parties and his retained professionals, including the Auctioneer, and in accordance with his sound business judgment, any bid as a Stalking Horse Bid if so requested by the party (such party, a "Stalking Horse Bidder") submitting such bid (such bid, a "Stalking Horse Bid"), and offering such Stalking

3

Horse Bidder on account of such Stalking Horse Bid: (i) a termination fee not to exceed ~~two~~one and a half percent (~~2~~1.5 %) of the Stalking Horse Bid (the "Termination Fee"), and (ii) actual and reasonable legal and diligence expense reimbursement in an amount not to exceed the ~~greater~~lesser of ~~two~~one and a half percent (~~2~~1.5%) or $30,000 (the "Expense Reimbursement" and with the Termination Fee, the "Bid Protections").

H.    The Bid Protections are fair and reasonable and provide a benefit to the Debtors' estates and stakeholders.

I.    The Trustee has demonstrated a compelling and sound business justification for the Court to grant the relief requested in the Motion, including, without limitation, to (a) approve the Auction Procedures; (b) authorize the Trustee to designate one or more Stalking Horse Bidders and approve the Bid Protections, and to require that overbids considered for any Stalking Horse Bid are, at a minimum, in an amount that exceeds the aggregate ~~cash~~ value of the (i) Stalking Horse Bid, and (ii) Bid Protections; (c) approve the form and manner of the Notices and the Notice Procedures; (d) schedule (i) the Sale Hearing and (ii) the Auction; and (e) grant related relief as set forth herein. Such compelling and sound business justification, which was set forth in the Motion and on the record at the Auction Procedures Hearing, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

J.    The Trustee has exercised sound business judgment in seeking approval from the Court to retain and employ RB Group (the "Auctioneer"),[3] for purposes of conducting the Auction, and the Auctioneer is qualified to conduct the Auction in accordance with the terms and conditions of this Order ~~and the Order~~, subject to the entry of an appropriate order authorizing the Trustee to retain and employ the Auctioneer.

---

[3] The "RB Group" includes Richie Bros. Auctioneers (America), Inc., IronPlanet, Inc., and Nations Capital, LLC.

4

K.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Auction Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

L.      The Auction Procedures, substantially in the form attached as **Exhibit 1** hereto, are fair, reasonable, and appropriate and represent the best method for maximizing the value of the Debtors' estates.

M.      The Auction and Sale Hearing Notice, substantially in the form attached as **Exhibit 2** hereto, is appropriate and reasonably calculated to provide notice of the sale of the Assets free and clear of all liens, claims, encumbrances, or interests, including, without limitation: (i) a summary of the Auction Procedures; (ii) the deadline for filing objections to the sale of the Assets; (iii) the date, time, and place of the Sale Hearing to consider the sale of the Assets; (iv) that the sale of the Assets is free and clear of all liens, interests, claims, and encumbrances to the fullest extent allowable under section 363(f) of the Bankruptcy Code, with all liens, interests, claims, and encumbrances attaching with the same validity and priority to the proceeds of the Assets sold; and (v) the date, time, and place of the Auction. No other or further notice of the sale of Assets and Auction shall be required.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

1.      The relief requested in the Motion is **GRANTED AND APPROVED** as set forth in this Order.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Auction Procedures Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits or have been otherwise satisfied or adequately provided for pursuant to this Order.

### (i)     Timeline of the Sale

3.      The Trustee is authorized to proceed with the sale of the Assets in accordance with the Auction Procedures and is authorized to take any and all actions reasonably necessary or appropriate to implement the Auction Procedures in accordance with the following timeline:

| Proposed Date | Milestone |
|---|---|
| _____, 2026 | Deadline to Serve Auction and Sale Notice and Commence Marketing by Auctioneer |
| _____, 2026 | Deadline to File Amended Asset List (Exhibit B to Sale Motion) |
| _____, 2026, at [●] (ET) | Deadline to Submit ~~Bids Seeking~~Proposed Stalking Horse ~~Designation~~Bids and Credit Bids |
| _____, 2026, at [●] (ET) | Deadline to Designate Stalking Horse Bid(s) and Accept Credit Bids |
| _____, 2026, at 4~~.~~:00 (ET) | Sale Objection Deadline |
| _____, 2026, at [●] (ET) | Sale Hearing |
| _____, 2026, at [●] (ET) | Deadline to Disclose Asset Lots |
| _____, 2026, at [●] (ET)_____, 2026, at [●] (ET) | Commencement of Auction |

4.      The failure to timely file an objection in accordance with this Order shall forever bar the assertion of any objection to the Motion, Auction Procedures, and/or sales of the Assets, and shall be deemed to constitute any such party's consent to entry of an order approving the sales of Assets at the Auction.

5.      The Trustee is authorized to modify the above timeline and Auction Procedures in accordance with the Auction Procedures.

**(ii)     Sale Hearing**

6.       A Sale Hearing to approve the sales of all or substantially all of the Assets ~~to one or more Successful Bidders~~ shall be held at **[●] [●].m. (prevailing Eastern Time) on _____, 2026**, and may be adjourned or rescheduled on notice by the Trustee. Unless the Court orders otherwise, any Sale Hearing shall be an evidentiary hearing on matters relating to the sale of the Assets following the entry of <u>an order by</u> the ~~Sale Order~~<u>Court</u> granting the relief requested in the <u>Sale Hearing and in the</u> Motion <u>(the "Sale Order") and following the Auction</u>.

7.       Any and all objections to the Motion, the sale of the Assets of the Debtors, and the procedures for conducting the Auction following entry of the Sale Order must be filed on or before **4:00 p.m. (prevailing Eastern Time) on _____, 2026**.

8.       All asserted liens against or other interests in the Assets will be divested from the Assets upon entry of the Sale Order and will attach to the proceeds from the sale of Assets ~~at the Auction~~ in the same order of their existing priority and with the same validity, force, and effect as existed prior to the sale. Nothing herein is or shall be construed as a final determination as to the validity, priority, or enforceability of any lien that attaches to the proceeds from the sale of the Assets, all of which remain subject to the rights of the Trustee <u>and other lienholders</u> to challenge or otherwise object to such asserted lien.

9.       The sale proceeds from the Assets, following payment to the Auctioneer, shall be paid to the Trustee and deposited into an escrow account to be held pending further order of this Court~~; provided, however, that the Trustee is authorized, without the need for further order of the Court, to disburse from the sale proceeds funds sufficient to pay (i) the Trustee's statutory commission, and (ii) the reasonable fees and expenses of the Trustee's retained professionals,~~

7

~~which shall be held in escrow by the Trustee pending submission and approval of one or more interim and/or final fee applications by the Trustee's retained professionals.~~ <u>authorizing the disbursement of the sale proceeds.</u>

### (iii)   **The Auction Procedures**

10.     The Auction Procedures are **APPROVED** in their entirety. The Trustee is authorized to take any and all actions reasonably necessary or appropriate to implement the Auction Procedures, in accordance therewith. The failure to specifically include or reference a particular provision of the Auction Procedures in this Order shall not diminish or impair the effectiveness of such actions.

11.     On behalf of the Trustee, the Auctioneer is authorized to conduct and preside over the Auction in accordance with the Auction Procedures. The Auction shall take place beginning at **10:00 a.m. (prevailing Eastern Time) on _____, 2026, and shall conclude upon ~~the earlier of (a)~~ all of the Assets being sold at the Auction~~, or (b) 5:00 p.m. (prevailing Eastern Time) on [●], 2026~~**.[4] The Auction shall be conducted for the Assets located at the following locations: (i) 200 Open Fork Rd, Kingston, WV 25917 ("<u>Deepwater</u>"); and (ii) 870 Gateway Industrial Park Drive, Jenkins, KY 41537 ("<u>Jenkins</u>" and with Deepwater, collectively, the "<u>Auctioned Asset Sites</u>"), and (iii) such other location in each case as the Trustee designates (or at any other time and location as the Trustee and Auctioneer may hereafter designate on proper notice).  The Auction will be conducted openly, with potential purchasers being able to bid for ~~some or all~~<u>each</u> of the Assets <u>on a lot-by-lot basis</u> virtually through the Auctioneer's online platform. To access the Auction virtually, each bidder will be provided and must execute and return

---

[4] To the extent any Assets remain unsold ~~at the conclusion of the Auction~~, the Trustee, in his sound business judgment, may attempt to sell the unsold Assets either at a subsequent Auction consistent with the terms and conditions of this Auction Procedures Order and the Auction Procedures or by separate motion, after notice and hearing.

an appropriate form confirming compliance with the Auction Procedures, including complying with any of the Auctioneer's procedures for registering for the Auction. and, to the extent required by the Auctioneer, providing proof of financial wherewithal of such bidder's ability to pay for any Asset lot purchased through the Auction.

12.    To access the Auction virtually, each bidder shall execute and return an appropriate form confirming such bidder's compliance with the Auction Procedures, including complying with any of the Auctioneer's procedures for registering for the Auction.

13.    The Trustee is authorized, but not required,directed to obtain event liability insurance and/or require that all parties and bidders who attendaccess the auction on-siteAuctioned Asset Sites, whether prior to or following the conclusion of the Auction, execute a waiver prior to being permitted to enter any location where Assets are located, including, without limitation, the Auctioned Asset Sites.  Any bidder seeking to enter the Auctioned Asset Sites must be accompanied by the Trustee, the Auctioneer, or a representative of either of the foregoing.

### (iv)    Credit Bids

14.    Subject to the exercise of his sound business judgment in accordance with his fiduciary duties to the estates and upon the advice of his professionals, the Trustee may accept credit bids by any putative Lienholder. To the extent the Trustee does not accept a duly submitted credit bid, such Lienholder may proceed that is consistent with a credit bid in the Auction upon entry of an appropriate order by this Court, after notice and hearingSection 363(k) of the Bankruptcy Code, which requires a showing by the putative Lienholder that the Trustee will consentasset(s) subject to being heard on an expedited basis.

15.14. the credit bid are subject to a lien that secures an allowed claim. Any putative Lienholder seeking the Court's authority to to credit bid shall file a credit bid should include in its

~~filing~~application with the ~~Court a proposed alternative for~~Trustee on or before [●], 2026 wherein such putative Lienholder shall identify the maximum amount of its purported claim that it desires to credit bid at the Auction, the assets to which such credit bid shall apply, and evidence of adequate assurance of payment if ~~the purported lien is ultimately deemed to be invalid.~~all or some of its credit bid is disallowed.

15.     To the extent the Trustee rejects all or some of such putative Lienholder's credit bid, the Trustee shall notify such putative Lienholder in writing of the Trustee's objection to all or part of such putative Lienholder's credit bid on or before [●], 2026, at which point such putative Lienholder may respond on or before [●], 2026. At the Sale Hearing, this Court shall determine whether to allow or disallow all or part of such credit bid prior to the Auction. Any overbids considered on Assets subject to an accepted or otherwise allowed credit bid must, at a minimum, exceed the credit bid plus the amount to be set by the Trustee, upon consultation with his professionals and the Auctioneer, in advance of the commencement of the Auction. Putative Lienholders approved to credit bid at the Sale Hearing may overbid other bidders, including any Stalking Horse Bid, on any Asset up to the maximum amount of their allowed credit bid.

**(v)     Authority to Designate Stalking Horse Bidder(s) and Approval of Bid Protections**

16.     The Bid Protections are approved. If and to the extent the Trustee designates, upon consultation with the Consultation Parties who are not bidders and his retained professionals, including the Auctioneer, and in accordance with his sound business judgment, any bid as a Stalking Horse Bid, the Stalking Horse Bidder on account of such Stalking Horse Bid shall be entitled to: (i) a Termination Fee not to exceed ~~two~~one and half percent (~~2~~1.5%) of the Stalking Horse Bid, and (ii) the Expense Reimbursement for actual and reasonable legal and diligence expenses in an amount not to exceed the ~~greater~~lesser of ~~two~~one and a half percent (~~2~~1.5%) or

$30,000. Payment of any Expense Reimbursement shall be limited to the actual and reasonable legal and diligence expenses incurred by such Stalking Horse Bidder, evidence of which shall be provided to the Trustee and the Consultation Parties who are not bidders not less than ten (10) days prior to requesting payment of the Expense Reimbursement. Parties who have indicated an interest in being a bidder shall not be a Consultation Party.

17.   Any overbids considered on Assets subject to a Stalking Horse Bid must be, at a minimum, in an amount that exceeds exceed the aggregate cash value of the (i) Stalking Horse Bid, and (,(ii) the Bid Protections., and (iii) such additional amount as determined by the Trustee, upon consultation with his professionals, the Auctioneer, and the Consultation Parties, in advance of the commencement of the Auction and as determined in the Trustee's sound business discretion and in accordance with his fiduciary duties to the estate.

### (vi)   Notice Procedures

17.18.  The Auction and Sale Hearing Notice, substantially in the form attached as **Exhibit 2**, is **APPROVED**.

18.19.  As soon as practicable after entry of this Order, the Trustee shall serve the Motion and the Auction and Sale Notice by first-class mail, postage prepaid on the following (collectively, the "Sale Notice Parties"): (a) all of the Debtors' creditors; (b) all entities that have, to the knowledge of the Trustee and his professionals, expressed written interest in purchasing any of the Assets within the past one (1) year; (c) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Assets; (d) the U.S. Trustee; (e) all parties that have requested notice pursuant to Bankruptcy Rule 2002; (f) all federal, state, and local regulatory or taxing authorities, including any applicable taxing bodies or recording offices which have a reasonably

known interest in the relief granted herein; (g) the Internal Revenue Service; (h) any other governmental authority known or reasonably believed by the Trustee to have or assert a claim against any of the Debtors in their Chapter 11 Cases or in these Chapter 7 Cases; (i) the Office of the Attorney General and Office of the Secretary of State for the State of West Virginia; and (j) the Consultation Parties; provided, however, that, to the extent email addresses are available for counsel for any of the foregoing parties that have appeared in these Chapter 7 Cases, such counsel may be served by email in lieu of mailing such notice to the party represented by such counsel. The Auctioneer shall also cause the Auction and Sale Notice to be posted on its marketing website for the Assets and Auction.

19.20.  Service of the Motion and Auction and Sale Hearing Notice as described above shall be good and sufficient notice of the Sale Transaction with respect to known interested parties.

### (vii)    **Miscellaneous**

20.21.  Except as otherwise provided herein, any objection made pursuant to any of the provisions set forth in the Motion must: (a) be in writing, (b) comply with the applicable provisions of the Bankruptcy Rules and Bankruptcy Local Rules, (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor, and (d) be filed with this Court via ECF and served in accordance with the applicable Bankruptcy Rules and rules of this Court.

21.22.  Any substantial contribution claims by any potential bidder are deemed waived, to the extent based on such Potential Bidder's submission of a bid in accordance with the Auction Procedures.

22.23.  Each bidder and their counsel participating at the Auction shall confirm, by executing a document, under penalty of perjury, that (a) it has not engaged in any collusion with respect to the Sale or Auction Procedures (including that it has no agreement with any other bidder

12

to control or negatively impact the price); (b) there have been no communications with any other potential bidder(s) regarding ~~the Assets being sold or~~ bids relating to the ~~same~~Assets being sold; and (c) any bids are a good faith bona fide offer and said bidder intends to consummate the Sale Transaction if selected as a Successful Bidder for all or any of the Assets~~.~~; provided, however, a Lienholder may finance the purchase price of a bidder's bid for assets at the Auction only if the bidder fully discloses terms and conditions of such financing, including confirmation that a binding commitment exists to finance the amounts set forth in the bid, to the Trustee prior to the commencement of the Auction.

23.24.  To the extent any party in interest has or maintains possession and/or control over any Assets owned by the Debtors~~,~~ (other than title certificates), this Order requires and directs such party to immediately turnover such Assets to the Trustee, the Auctioneer, or other representatives of the Trustee.

24.25.  Any party that interferes, directly or indirectly, with the conduct of the Auction~~,~~ (which shall not include any actions taken by a party in good faith in accordance with their rights under the Bankruptcy Code), the Auctioned Asset Locations, and/or the Trustee's efforts to liquidate the Assets shall be subject to sanctions after notice and hearing upon appropriate motion.

25.26.  The Trustee is authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Order upon its entry.

26.27.  The Trustee is authorized to make any non-material revisions to the exhibits and notices attached hereto without further Court approval.

27.28.  Nothing in this Order or the Auction Procedures shall require the Trustee to take any action, or to refrain from taking any action, with respect to these Auction Procedures, to the extent that the Trustee determines, or based on the advice of counsel, that taking such action, or

13

refraining from taking such action, as applicable, is required to comply with applicable law or his fiduciary duties under applicable law.

28.29.  This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

29.    Notwithstanding Bankruptcy Rules 6004(h), 6006(d), 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

30.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Auction Procedures and the implementation of this Order.

**PREPARED BY:**
**RAINES FELDMAN LITTRELL, LLP**

By: */s/ Daniel R. Schimizzi*
Michael J. Roeschenthaler (PA ID No. 87647)
Daniel R. Schimizzi (PA ID No. 311869)
Sarah E. Wenrich (PA ID No. 325834)
*Admitted Pro Hac Vice*
11 Stanwix Street, Suite 750
Pittsburgh, PA 15222
Telephone: 412-899-6472
Email: mroeschenthaler@raineslaw.com
dschimizzi@raineslaw.com
swenrich@raineslaw.com

*Special Counsel to the Chapter 7 Trustee*
*e*

14

## EXHIBIT 1

Auction Procedures

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **In Re:** | **Case No.: 25-20179-DLB** |
| **CIVIL, LLC, _et al.,_** [1] | **Chapter 7** |
| **Debtors.** | **Jointly Administered** |

**AUCTION PROCEDURES FOR THE SALE OF ALL OR
SUBSTANTIALLY ALL OF THE DEBTORS'
MACHINERY, EQUIPMENT, AND RELATED MINING ASSETS**

**Time, Place, Manner of Auction**

The Trustee shall provide Notice of the date, time and place(s) where the Auction will be conducted pursuant to the Auction Procedures Order. The Auction shall be conducted as an open, public auction for the Assets located at the following locations (collectively, the "Auctioned Asset Locations"): (a) 200 Open Fork Rd, Kingston, WV 25917 ("Deepwater"); (b) 870 Gateway Industrial Park Drive, Jenkins, KY 41537 ("Jenkins" and with Deepwater, collectively, the "Auctioned Asset Sites"); or (c) such other location, in each case as the Trustee designates (or at any other time and location as the Trustee and Auctioneer may hereafter designate on proper notice). The Assets will be sold on an "AS-IS, WHERE-IS" basis to the highest bidder.

Prior to the Auction, the Auctioneer will market the assets through its website and publish photographs and descriptions to facilitate interest and diligence. Prospective bidders may be given an opportunity to inspect the equipment prior to the Auction, subject to Auctioned Asset Site access and satisfaction of safety requirements, which shall be coordinated through the Trustee, the Auctioneer, and the owners of the Auctioned Asset Sites. Participation shall not be limited to any particular party or class of parties, and any person or entity may participate in the Auction, subject to compliance with these Auction Procedures, including complying with any of the Auctioneer's procedures for registering for the Auction.

**Stalking Horse Bids**

Any party seeking consideration as a stalking horse bidder (a "Stalking Horse Bidder") for some or all of the Assets must submit a written bid to the Trustee, with a copy to Trustee's counsel,

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313) (collectively, the "Debtors"). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

on or before _____, **2026, at [●] (prevailing Eastern Time)** (the "Stalking Horse Bid Deadline") at the following addresses:

Trustee: Robert L. Johns
Johns & Associates, PLLC,
101 Brook Hill Drive
Charleston, WV 25311
Email: rjohns@johnswvlaw.com

-AND-

Trustee's Counsel: Brian ~~r~~R. Blickenstaff
Johns & Associates, PLLC,
101 Brook Hill Drive
Charleston, WV 25311
Email: bblickenstaff@johnswvlaw.com

-AND-

Trustee's Special Counsel: Raines Feldman Littrell, LLP
11 Stanwix St., Suite 1500
Pittsburgh, PA 15222
Attn:   Michael J. Roeschenthaler
mroeschenthaler@raineslaw.com
Daniel R. Schimizzi
dschimizzi@raineslaw.com

All bids seeking Stalking Horse Bid consideration shall (i) be in writing; (ii) identify the bidder and provide contact information; (iii) identify the specific pieces of Assets the bidder is submitting the bid for, (iv) state the purchase price for each of the Assets, and (v) include a statement confirming the bidder, if selected as a Stalking Horse Bidder, will attend the Auction, and acknowledges that in the event there are no other bids on the Assets for which they are serving as the Stalking Horse Bid, they will be deemed the Successful Bidder for the applicable portion of the Assets.

Each Stalking Horse Bidder, if any, shall be entitled to credit bid the amount of the Breakup Fee and Expense Reimbursement towards any Subsequent Bid at the Auction, if any. If he determines, based on his sound business judgment, that an extension will benefit the Debtors' estates and parties in interest, the Trustee may extend the Stalking Horse Bid.

**No Collusion; Good- Faith; Bona Fide Offer**

Each bidder and their counsel participating at the Auction will be required to confirm by executing a document, under penalty of perjury, that (a) it has not engaged in any collusion with respect to the Sale or Auction Procedures (including that it has no agreement with any other bidder to ~~control or~~ negatively impact the price); (b) there have been no communications with any other potential bidder(s) regarding ~~the Assets being sold or~~ bids relating to the ~~same~~Assets to be sold; and (c) any bids are a good faith bona fide offer and said bidder intends to consummate the Sale

2

Transaction if selected as a Successful Bidder for all or any of the Assets.; provided, however, a Lienholder may finance the purchase price of a bidder's bid for assets at the Auction only if the Lienholder fully discloses terms and conditions of such financing, including confirmation that a binding commitment exists to finance the amounts set forth in the bid, to the Trustee prior to the commencement of the Auction. Each bidder will also be required to register their names, addresses, and contact phone numbers with the Auctioneer and provide reasonable proof of funds to the Auctioneer and/or the Trustee as may be requested. To access the Auction virtually, each bidder will be provided and must execute and return an appropriate form confirming the foregoing as well as compliance with the Auction Procedures, including complying with any of the Auctioneer's procedures for registering for the Auction.

### Commencing the Auction

The Auctioneer shall commence the Auction at the time and place noticed. All bids submitted during the Auction shall be irrevocable and shall be accompanied by proof of funds or deposit, as the Trustee or Auctioneer may reasonably require.

### Conducting and Closing the Auction

The Auction shall be conducted by the Auctioneer, in consultation with the Trustee. and the Consultation Parties. For each lot of Assets, if a Stalking Horse Bidder is designated, the starting bid for that lot of Assets shall be the Stalking Horse Bid. If no Stalking Horse Bidder is designated, the starting bid for each lot of Assets shall be the minimum bid, if any, set by the Auctioneer, upon consultation with the Trustee, prior to or at the commencement of the Auction. and the Consultation Parties, prior to or at the commencement of the Auction.  The Assets will be sold on a lot-by-lot basis, with the bidding for each subsequent Asset lot sale starting immediately following the conclusion of bidding on the prior Asset lot.  The specific order of each Asset lot being sold will be set by the Auctioneer upon consultation with the Trustee and the Consultation Parties, provided that the Auctioneer shall first auction off all Asset lots whose ownership is evidenced by certificates of title.  Following the conclusion of the sale of all titled vehicle Asset lots, the Auctioneer shall auction off all non-titled Asset lots.

The Auctioneer, in consultation with the Trustee and the Consultation Parties, shall group lots in advance of the Auction that endeavor to minimize allocation disputes among secured creditors of the estate and shall disclose such lots of Assets at least seven days prior to the Auction.

The Auction will be conducted using online bidding technology, allowing registered bidders to participate remotely. Following the starting bid, bidders may submit additional bids through the Auctioneer's online bidding platform. All subsequent bids thereafter shall be higher than the then-current highest bid in a minimum amount set by the Auctioneer, upon consultation with the Trustee. and the Consultation Parties. Bidding shall continue until no further higher or better bids are received and the Auctioneer, in consultation with the Trustee and the Consultation Parties, declares the then-current highest and/or best bidder the successful bidder (the "Successful Bidder").

3

Successful bidders will be required to pay the purchase price within the timeframe required by the Auctioneer, and any Assets purchased may not be removed until the Successful Bidder for such Asset(s) has remitted payment in full. Successful Bidders are responsible for transportation and removal any Assets purchased through the Auction.

### Adjourning the Auction

The Trustee reserves the right, in his sole discretion and in his reasonable business judgment, to adjourn the Auction one or more times, regardless of whether the Auction has begun.  Such adjournments may occur upon the conclusion of the sale of all titled vehicle Asset lots

### Free and Clear of Any and All Claims, Liens, and Interests

Subject to entry of the Sale Order, all of the Debtors' right, title, and interest in and to the Assets subject thereto shall be sold free and clear of all liens, claims, and interests (collectively, the "Encumbrances") to the maximum extent permitted by Section 363 of the Bankruptcy Code, with such Encumbrances attaching to the proceeds of the sale of the Assets with the same validity and priority as such Encumbrances applied against the Assets prior to entry of the Sale Order.

### Reservation of Rights

Nothing in these Auction Procedures shall require the Trustee to take any action, or to refrain from taking any action, with respect to these Auction Procedures, to the extent that the Trustee determines, or based on the advice of counsel, that taking such action, or refraining from taking such action, as applicable, is required to comply with applicable law or his fiduciary duties under applicable law.

### Cooperation Directed and Required

The Trustee and his professionals, including the Auctioneer, have endeavored to identify all Assets owned by the Debtors for inclusion in the Auction. To the extent any party in interest has or maintains possession and/or control over any Assets owned by the Debtors, these Auction Procedures require and direct such party to immediately turnover such Assets to the Trustee, the Auctioneer, or other representatives of the Trustee.

These Auction Procedures also contemplate live auctions taking place at the Auctioned Asset Locations identified herein. Any party that interferes, directly or indirectly, with the conduct of the Auction, the Auctioned Asset Locations, and/or the Trustee's efforts to liquidate the Assets shall be subject to sanctions after notice and hearing upon appropriate motion. ___

4