

David L. Bissett
United States Bankruptcy Judge
**Dated: March 26th, 2026**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: | Chapter 7 |
| Civil, LLC, *et al.*, | Case No. 25-20179-DLB |
| | (*Jointly Administered*) |
| Debtors.[1] | |

## ORDER (I) APPROVING PROCEDURE FOR KRATOS MINE CLOSURE; (II) PROHIBITING ALL PARTIES FROM REMOVING AND/OR IMPAIRING THE DEBTORS' ASSETS; (III) REQUIRING ALL PARTIES TO IDENTIFY LOCATION OF ESTATE ASSETS; (IV) SETTING BAR DATE FOR CHAPTER 7 ADMINISTRATIVE EXPENSE AND LIEN CLAIMS; AND (V) GRANTING RELATED RELIEF

Upon consideration of the *Expedited Motion for Entry of an Order (I) Approving Procedure for Kratos Mine Closure; (II) Prohibiting All Parties from Removing and/or Impairing the Debtors' Assets; (III) Requiring All Parties to Identify Location of Estate Assets; (IV) Setting Bard Date for Chapter 7 Administrative Expense and Lien Claims; and (V) Granting Related Relief* (the "Motion")[2] filed by Robert L. Johns, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estates of Civil, LLC, and its affiliated debtors (collectively, the "Debtors"), and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

[2] Capitalized terms not otherwise defined herein shall have the same definitions as ascribed to them in the Motion.

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G); and this Court

having found that venue of this proceeding and the Motion in this District is properly before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after notice and opportunity to be heard, it is

hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.　　The Motion is GRANTED as set forth herein.

2.　　With respect to the Kratos Mine:

    a.　　In light of the Court authorizing the Trustee to reject the Coal Lease effective as of March 20, 2026, the Trustee has rejected the Coal Lease and has no further rights to the KRP property subject to the Coal Lease. The Trustee and/or his representatives shall remove all equipment that he asserts was purchased and owned by Debtor Civil, LLC ("Civil," and all such equipment, the "Civil Equipment") from the property subject to the Coal Lease by no later than March 31, 2026, absent further order of the Court. All risk of loss for the Civil Equipment shall remain with the Trustee. All parties in interest shall be prohibited from removing or impairing the Civil Equipment unless authorized by the Trustee and KRP, whose consent shall not be unreasonably withheld. The Trustee agrees that any Civil Equipment, as referenced and defined herein, remains subject to KRP's rights as they exist prior to the removal of the Civil Equipment to challenge and seek judicial determination on ownership and validity of liens, including possessory statutory liens, asserted by KRP.

    b.　　Except for any casualty insurance covering the Civil Equipment, the Trustee may cancel all other insurance policies and all utilities, including power provided by the Kentucky Power Company. To the extent the Trustee may employ third parties to remove the Civil Equipment after the insurance previously procured by the Trustee is canceled as authorized by this Order, such third party shall provide proof of liability insurance and workers compensation insurance satisfactory to KRP prior to entry on KRP property.

    c.　　The Trustee may terminate the employment of all remaining employees at the Mine effective as of March 20, 2026, provided that the Trustee issues final pay checks to such employees subject to the termination.

    d.　　KRP may provide the Trustee with a list of equipment (the "List") on or around the Kratos Mine that is subject to KRP's purported collateral package including any equipment, regardless of ownership or claims of liens asserted by any party, and regardless of specific description, that the Trustee did not remove from the underground mine prior to the Trustee's termination of electrical power and mine closure due to the forfeit of the

permit which precludes entry to the mine (the "KRP Collateral") within thirty (30) days of the entry of this Order. Following the Trustee's review of the List and confirmation that all assets set forth on the List are included in the KRP Collateral, the Trustee will consent to KRP obtaining relief from stay as to the KRP Collateral without prejudice to any third parties' rights thereto and the rights of the Trustee and KRP with respect to any resulting claims. The Trustee shall assert any claim to the KRP Collateral and provide notice to KRP within thirty (30) days of receipt of the List. In the event such notice is not provided to KRP with thirty (30) days, any and all claims of the Trustee to said KRP Collateral shall be deemed released. KRP is not required to provide the Trustee a list of fixtures or other property owned by KRP prior to Kratos entering into the Coal Lease with KRP or KRP fixtures or equipment that will remain in the mine due to the Trustee's termination of electrical power to the mine and forfeiture of the permit which precludes further entry to the mine and all claims of the Trustee, if any, to all such equipment or property shall be deemed released by this Order.

e.    The Trustee may forfeit all permits associated with the Kratos Mine and related bonds to the Kentucky Energy and Environment Cabinet or any other applicable regulatory agency.

3.    In the period during which the Civil Equipment may remain outside of the Kratos Mine, the Trustee, or a third party working at his direction, may continue removing certain discarded rock from the surface of the Kratos Mine, subject to applicable state and federal regulations, provided that no claims relating to the removal of the rock shall be made by, between, or against the Trustee and KRP on account of such action. The Trustee may not remove coal or coal byproducts from the Kratos mine, and no removal of material of any kind will be allowed after the Civil Equipment is removed or after March 31, 2026, whichever first occurs. To the extent the Trustee uses a third party in this endeavor, such third party will be required to hold casualty and workers compensation insurance satisfactory to KRP per paragraph 2(b) above. This paragraph shall not abridge or otherwise impact any rights or claim(s) KRP may have related to the Trustee's removal and/or sale of any material or product from KRP property, and all such rights and claims of KRP are reserved.

4.    All creditors and parties-in-interest, including third parties, are PROHIBITED from

removing or impairing the Debtors' assets by the Trustee; provided, however, that KRP may, in its sole and absolute discretion, construct and maintain a fence or other access limitation and restriction structures or devices on and around the Kratos mine, which may or may not enclose the Civil Equipment. KRP shall, upon request by the Trustee, provide reasonable limited access to the Trustee and his invitees, subject to prior notice and the requirements of paragraph (2)(b) above, provided however, nothing contained in this Order shall be construed as placing any responsibility or liability on KRP for the safety or security of any Civil Equipment remaining on the KRP property.

5.      All creditors and parties-in-interest, including third parties, shall forthwith provide the Trustee Notice Parties (as defined herein) with the location of any assets such creditors and parties-in-interest, including third parties, being held by no later than **seven (7) days after service of this Order**.

6.      **TO THE EXTENT THE TRUSTEE IDENTIFIES, OR RECEIVES INFORMATION REGARDING, ANY PARTY THAT EITHER (A) FAILS AND/OR REFUSES TO ABIDE BY THE PROHIBITION AGAINST REMOVAL AND/OR IMPAIRMENT OF THE DEBTORS' ASSETS, OR (B) FAILS AND/OR REFUSES TO DISCLOSE THE LOCATION OF ANY ASSETS OF THE DEBTORS' ESTATES, SUCH PARTY MAY BE LIABLE TO THE DEBTORS' ESTATES, AFTER NOTICE AND HEARING, FOR DAMAGES IN AN AMOUNT EQUAL TO THREE (3) TIMES THE VALUE OF THE ASSET BEING USED, IMPAIRED, OR SHIELDED FROM DISCLOSURE, TOGETHER WITH THE TRUSTEE'S FEES AND COSTS (INCLUDING REASONABLE ATTORNEYS' FEES) FOR ENFORCING THE ESTATES' RIGHTS WITH RESPECT TO SUCH ASSETS.**

7.　　The deadline to file requests for allowance of any administrative expense claims (other than professional fee claims) and lien claims incurred from and after the Conversion Date through the entry of this Order ("Chapter 7 Administrative Expense/Lien Claims") shall be **thirty (30) calendar days from the entry of this Order (the "Chapter 7 Administrative Expense/Lien Claim Bar Date")**. Any such motion/application for allowance of any administrative expense and/or lien claim must include: (a) specific bases for the administrative expense and/or lien claim, (b) specific reference to collateral to which a lien allegedly attaches, (c) any and all documents upon which such lien and administrative expense claim is based upon, and (d) any legal authority for alleged statutory liens or claims. The Trustee reserves all rights with respect to any administrative expense and/or lien claims timely by the Chapter 7 Administrative Expense/Lien Claim Bar Date. For avoidance of doubt, the Chapter 7 Administrative Expense/Lien Claim Bar Date does not apply to any administrative expense and/or lien claims arising from and after the date of this Order.

**8.　　ANY HOLDER OF A CHAPTER 7 ADMINISTRATIVE EXPENSE/LIEN CLAIM THAT IS REQUIRED TO FILE AND SERVE A REQUEST FOR ALLOWANCE OF SUCH CHAPTER 7 ADMINISTRATIVE EXPENSE/LIEN CLAIM THAT DOES NOT FILE AND SERVE SUCH A REQUEST BY THE CHAPTER 7 ADMINISTRATIVE EXPENSE/LIEN CLAIM BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CHAPTER 7 ADMINISTRATIVE EXPENSE/LIEN CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THEIR PROPERTY, AND SUCH CHAPTER 7 ADMINISTRATIVE EXPENSE/LIEN CLAIM SHALL BE DEEMED COMPROMISED, SETTLED, AND RELEASED AS OF THE CHAPTER 7 ADMINISTRATIVE EXPENSE/LIEN CLAIM BAR DATE.**

9.    Any notices or filings required to be provided pursuant to this Order shall be

provided to the following (collectively, the "Trustee Notice Parties"):

Trustee:                    Robert L. Johns
                            Johns & Associates, PLLC
                            101 Brook Hill Drive
                            Charleston, WV 25311
                            Email: rjohns@johnswvlaw.com

                                    -and-

Trustee's Counsel:          Brian R. Blickenstaff
                            Johns & Associates, PLLC
                            101 Brook Hill Drive
                            Charleston, WV 25311
                            Email: bblickenstaff@johnswvlaw.com

                                    -and-

Trustee's Special Counsel:  Raines Feldman Littrell, LLP
                            11 Stanwix St., Suite 1500
                            Pittsburgh, PA 15222
                            Attn:   Michael J. Roeschenthaler
                                    mroeschenthaler@raineslaw.com
                                    Daniel R. Schimizzi
                                    dschimizzi@raineslaw.com

10.    The Trustee shall serve such Order on all creditors and parties in interest identified

on the matrices in these chapter 7 cases.

11.    The Trustee is authorized to take such actions as are deemed necessary and/or

appropriate under the circumstances to implement this Order.

12.    The Court retains jurisdiction over the interpretation, implementation, and

enforcement of this Order.

Prepared by: /s/ Clayton T. Harkins
Clayton T. Harkins, Esq.
/s/ Ellen Arvin Kennedy
Ellen Arvin Kennedy, Esq.

Attorneys for Kentucky River Properties LLC