**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re: | Chapter 7 |
| Civil, LLC, *et al.*, | Case No. 25-20179-DLB |
| Debtors.[1] | (*Jointly Administered*) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO
ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND FURTHER
EXTENDING DEADLINES RELATING TO ASSUMPTION OR REJECTION OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Robert L. Johns, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estates of Civil, LLC, and its affiliated debtors (collectively, the "Debtors"), by and through his undersigned Special Counsel, respectfully submits this motion (the "Motion") seeking the entry of a proposed order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the assumption of the Assumed Contracts and Leases (as defined herein), (ii) extending the deadlines to assume or reject the Potential Contracts and Leases (as defined herein) to allow the Trustee additional time to obtain, review, and, in an exercise of his sound business judgment, determine whether such Purported Contracts and Leases should be assumed by the chapter 7 estates, and (iii) granting related relief.  In support of the relief requested in this Motion, the Trustee respectfully avers as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the Debtors, their estates, these Chapter 7 Cases and this Rejection Motion pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105 and 365 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On August 20, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing chapter 11 cases (the "Chapter 11 Cases").

5.      Due to an inability to obtain adequate financing to fund the Chapter 11 Cases, the Chapter 11 cases were converted to chapter 7 cases (the "Chapter 7 Cases") on the Conversion Date. On October 31, 2025 (the "Appointment Date"), the Trustee was appointed to administer the assets of the estates.

6.      As this Court is aware, upon conversion of the above-captioned cases, the Trustee inherited a challenging set of facts and circumstances surrounding assets to which there are numerous conflicting claims. The Debtors' books and records are in less-than-optimum condition and, based on communications by and among various case professionals, the fact patterns surrounding these cases continue to develop and evolve (including as recently as today).

7.      Since the Appointment Date, the Trustee has worked diligently with his professionals to not only identify numerous assets of the estates for liquidation but also obtain approval of defined sale procedures to begin liquidating those assets through a court-approved sale process.  In addition to prosecuting one or more court-approved sale processes, the Trustee and his professionals have also endeavored to, *inter alia*: (i) maintain limited operations of the Debtors'

2

businesses while pursuing a potential transaction with a new operator; (ii) engage with numerous creditors and stakeholders over competing claims against the Debtors' estates; (iii) review and analyze the facts and circumstances surrounding the above-captioned cases to determine additional claims that, if successfully prosecuted, would generate additional recoveries for distribution; and (iv) assess the propriety of assuming or rejecting certain contracts identified in the schedules filed by the Debtors, s*ee* Case No. 2:25-bk-20179, Doc. No. 183 (Civil, LLC, Schedules); Case No. 2:25-bk-20178, Doc. No. 14 (Don Holdings, LLC, Schedules); Case No. 2:25-bk-20180, Doc. No. 14 (Kratos Resources, LLC, Schedules); Case No. 2:25-bk-20181, Doc. No. 14 (Resilient Mining, LLC, Schedules); Case No. 2:25-bk-20182, Doc. No. 13 (Resilient Eagle, LLC, Schedules); Case No. 2:25-bk-20183, Doc. No. 13 (Falcon Reclamation Limited Liability Company Schedules); Case No. 2:25-bk-20184, Doc. No. 14 (North Springs Holding LLC Schedules); Case No. 2:25-bk-20185, Doc. No. 13 (Smoky Quartz, LLC, Schedules); Case No. 2:25-bk-20186, Doc. No. 15 (Big Mule Air L.L.C. Schedules); Case No. 2:25-bk-20187, Doc. No. 13 (Pocahontas Processing LLC Schedules); and Case No. 2:25-bk-20188, Doc. No. 14 (Yellow Garage, LLC, Schedules) (collectively, the "Debtors' Schedules").

8. Based on the review of the Debtors' Schedules as well as certain documentation received by the Trustee following the Appointment Date, the Trustee seeks to assume the following executory contracts and/or unexpired leases (collectively, the "Assumed Contracts and Leases"):[2] (i) the Assignment of Lease Purchase Agreement Dated September 5, 2024, by and between, *inter*

---

[2] The Trustee is currently in negotiations with counsel for Vecellio & Grogan US regarding various matters involving the commercial building located in Beckley, West Viriginia, which is subject to a lease with one of the Debtors. The Trustee is also in negotiations with counsel for the Cole Family and Manchester Realty, LLC, regarding the Trustee's *Emergency Motion to (I) Enforce the Automatic Stay, (II) Void the Transfer of Estate Property, and (III) Extend Period for Trustee to Exercise Contractual Purchase Option* [Doc. No. 654]. Through the Trustee believes that the deadline to assume or reject the agreements underlying each of the foregoing has been extended by agreement of the parties, out of an abundance of caution, by this Motion, the Trustee seeks an order further extending the deadline to assume or reject each of the foregoing agreements.

3

*alia*, Debtor Kratos Resources, LLC, and Combs Equipment Group, LLC; and (ii) the Royalty Agreement Dated November 9, 2023, by and between Reflectance Energy, LLC, and Debtor North Spring Holding, LLC.

9.      Also by this Motion, and due to the fact that neither the Trustee nor his professionals have had the ability to review and analyze the terms and conditions of certain executory contracts and unexpired leases identified in the Debtors' Schedules, including: (i) a contract to mine adverse property with Fred Perry; (ii) a contract to mine adverse property with Greg Sperin; (iii) a contract to mine adverse property with Mary Caldwell; and (iv) a restated lease agreement with the Cook Family (collectively, the "Potential Contracts and Leases"), the Trustee respectfully requests that this Court further extend the deadline to assume or reject the Potential Contracts and Leases by an additional ninety (90) days[3] to afford the Trustee and his professionals an opportunity to obtain and analyze copies of the Potential Contracts and Leases and exercise sound business judgment in determining whether to assume or reject the Potential Contracts and Leases.

10.      Finally, the Trustee respectfully requests that the relief requested in this Motion be without prejudice to the rights of the Trustee to seek to assume or reject any executory contract or unexpired lease of which the Trustee has no knowledge of the existence thereof, if and to the extent assuming or rejecting such executory contract or unexpired lease (if any exist) may benefit the Debtors' estates.

**RELIEF REQUESTED**

11.      By this Motion, the Trustee respectfully requests the entry of the Proposed Order: (i) authorizing the assumption of the Assumed Contracts and Leases; (ii) extending the deadline

---

[3] The Trustee respectfully requests that, to the extent this Court denies the relief requested in this Motion with respect to the Potential Contracts and Leases, that such deadline to assume or reject the Potential Contracts and Leases is extended to three (3) business days following the entry of an order denying the relief requested in this Motion.

to assume or reject the Potential Contracts and Leases by an additional ninety (90) days to afford the Trustee and his professionals an opportunity to obtain and analyze copies of the Potential Contracts and Leases and exercise sound business judgment in determining whether assume or reject the Potential Contracts and Leases; and (iii) reserving the Trustee's rights to assume or reject any executory contract or unexpired lease of which the Trustee has no knowledge of the existence thereof, if and to the extent assuming or rejecting such executory contract or unexpired lease (if any exist) may benefit the Debtors' estates.

## LEGAL BASIS FOR RELIEF REQUESTED

12.    Section 365(a) of the Bankruptcy Code provides, "…[T]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365.

13.    Bankruptcy courts generally approve the debtor or trustee's choice to assume or reject contracts under the deferential "business judgment" rule, *Mission Product Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 373-74 (2019), citing to *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 522, n.6 (1984)), and the Fourth Circuit has held that such a decision to assume or reject a contract should be "accorded the deference mandated by the sound business judgment rule as generally applied by courts to discretionary actions or decisions of corporate directors." *Lubrizol Enters. Inc. v. Richmond Metal Finishers, Inc.,* 756 F.2d 1043, 1046 (4th Cir. 1985). "A court should not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease unless there is a showing of bad faith or gross abuse discretion." *In re Alpha Nat. Res., Inc.*, 555 B.R. 520, 530 (Bankr. E.D. Va. 2016), citing *Lubrizol*, 756 F.2d at 1047; *see also In re United American, Inc.*, 327 B.R. at 786 (authorizing the debtor to assume an electrical contract in light of the debtor's arguments to support that assuming the

5

contract was in the best interest of the estate and, as a result, the debtor demonstrated a sound business judgment in making the decision to assume that contract).

14.     In furtherance of the relief requested in this Motion, the request for entry of the Proposed Order is consistent with this Court's equitable powers under Section 105 of the Bankruptcy Code, which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105.  The purpose of Section 105(a) is to "enable a court to do whatever is necessary to aid its jurisdiction, i.e., anything arising in or relating to a bankruptcy case." *In re Final Analysis, Inc.*, 389 B.R. 449, 462 (Bankr. D. Md. 2008) (*citing In re DeLorean Motor Co.,* 991 F.2d 1236, 1242 (6th Cir.1993) (quoting 2 Collier on Bankruptcy P105.02 at 103–05 (15th ed.1987))); *see also In re Pressley,* 625 B.R. 1, 5 (Bankr. D.S.C. 2021) ("Bankruptcy courts have 'broad authority' under § 105(a)[,]" [;] [h]owever, they may not use § 105(a) or their inherent authority to contradict or override explicit mandates of other sections of the Bankruptcy Code) *quoting Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 (2007), and citing *Law v. Siegal*, 571 U.S. 415, 421 (2014). (citation omitted)).

15.     The Trustee believes, in an exercise of his sound business judgment, that the assumption of the Assumed Contracts and Leases will maximize the value of the respective Debtor's estate.

16.     First, the Royalty Agreement Dated November 9, 2023, by and between Reflectance Energy, LLC, and Debtor North Spring Holding, LLC, includes minimal obligations

on behalf of the estate, yet provides for payment of ongoing royalties based on the mining and sale of coal.  Therefore, the Trustee submits that it is in the best interests of the Debtors' estates to assume an agreement that provides further value through the payment of royalties to the estates.

17.     Second, the Assignment of Lease Purchase Agreement Dated September 5, 2024, by and between, *inter alia*, Debtor Kratos Resources, LLC, and Combs Equipment Group, LLC, involves a valuable Joy 12CM12-11BX Continuous Miner, Serial Number JM 50128B.  To the extent the Trustee determines it is in the best interests of the estates to sell the foregoing asset, the Trustee will file an appropriate motion to sell the continuous miner and will escrow the proceeds from the sale thereof pending further order of this Court.[4]

18.     Accordingly, the Trustee submits that, based on his sound business judgment and upon consultation with his professionals, it is in the best interests of the Debtors' estates to assume the Assumed Contracts and Leases.

19.     The Trustee also respectfully requests that, based on the fact that the Trustee has yet to obtain copies of the Potential Contracts and Leases, good cause exists for this Court extend the deadline for the Trustee to assume or reject the Potential Contracts and Leases by a period of ninety (90) days to afford the Trustee and his professionals an opportunity to obtain and analyze copies of the Potential Contracts and Leases and exercise sound business judgment in determining whether to assume or reject the Potential Contracts and Leases.

20.     As noted above, the Trustee inherited a challenging set of circumstances upon conversion of the above-captioned cases to Chapter 7.  The Trustee has yet to obtain or review the Potential Contracts and Leases and is only aware of the purported existence thereof based on their

---

[4] For avoidance of doubt, the Trustee does not admit that the Lease Purchase Agreement is an executory contract, but files this Motion out of an abundance of caution.  To the extent the Lease Purchase Agreement is a disguised security agreement, the Trustee would be able to liquidate the collateral, which is an asset of the Debtors' estates.

identification in the Debtors' Schedules.

21.     In order to preserve and maximize the value of the Debtors' estates, the Trustee submits that there is good cause to extend the deadline for the Trustee to assume or reject the Potential Contracts and Leases by a period of ninety (90)[5] days to obtain and review each agreement and, depending on the terms thereof, determine whether or not to assume or reject the Potential Contracts and Leases.

22.     Finally, if and to the extent the Trustee learns of any other executory contract or unexpired lease not included in the Debtors' Schedules but existed as of the Petition Date, the Trustee reserves all rights to seek further relief from this Court to the extent the Trustee determines, in his sound business judgment and upon consultation with his professionals, that assumption or rejection of such executory contract or unexpired lease will serve the best interests of the Debtors' estates.

WHEREFORE, the Trustee respectfully requests that this Court (i) authorize the Trustee to assume the Assumed Contracts and Leases; (ii) extend the deadline for the Trustee to assume or reject the Potential Contracts and Leases; and (ii) grant such other and further relief as is just and proper.

---

[5] The Trustee will endeavor in good faith to obtain the consent of the counterparties to the Potential Contracts and Leases in advance of the hearing on this Motion. In the event no counterparty to a Potential Contract and Lease objects to the relief requested in this Motion, the Trustee submits that the lack of objection evidences such counterparty's consent to the relief requested herein.

Dated: March 30, 2026

Respectfully submitted:

**ROBERT L. JOHNS,
CHAPTER 7 TRUSTEE**

_____/s/ Robert L. Johns_____
ROBERT L. JOHNS [WV S.B. #5161]
Johns & Associates, PLLC
101 Brook Hill Drive
Charleston, West Virginia 25311
(304) 720 – 2300
(304) 720 – 2311 *fax*

-AND-

**RAINES FELDMAN LITTRELL, LLP**

By: */s/ Daniel R. Schimizzi_____*
Michael J. Roeschenthaler (PA ID No. 87647)
Daniel R. Schimizzi (PA ID No. 311869)
Sarah E. Wenrich (PA ID No. 325834)
*Admitted Pro Hac Vice*
11 Stanwix Street, Suite 1500
Pittsburgh, PA 15222
Telephone: 412-899-6472
Email: mroeschenthaler@raineslaw.com
dschimizzi@raineslaw.com
swenrich@raineslaw.com

*Special Counsel to the Chapter 7 Trustee*

## Certificate of Service

I certify that the foregoing MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND FURTHER EXTENDING DEADLINES RELATING TO ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES was served on the parties identified below by the CM/ECF Notification on March 30, 2026:

Christopher R. Arthur on behalf of Interested Party United States Department of Labor
chris.arthur@usdoj.gov, usawvs.ecfbankruptcy@usdoj.gov;caseview.ecf@usdoj.gov

John Zachary Balasko on behalf of Attorney Steptoe & Johnson
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor Big Mule Air L.L.C.
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor Civil, LLC
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor Don Holdings, LLC
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor Falcon Reclamation Limited Liability Company
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor Kratos Resources LLC
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor North Springs Holding LLC
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor Pocahontas Processing LLC
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor Resilient Eagle LLC
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor Resilient Mining, LLC
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor Smoky Quartz LLC
zak.balasko@steptoe-johnson.com

John Zachary Balasko on behalf of Debtor Yellow Garage, LLC
zak.balasko@steptoe-johnson.com

Angel L. Beblo on behalf of Creditor Conserv Equipment Leasing LLC
angela.beblo@jacksonkelly.com, angela.beblo@ecf.courtdrive.com;vmpeery@jacksonkelly.com

Angel L. Beblo on behalf of Creditor Conserv Lending LLC
angela.beblo@jacksonkelly.com, angela.beblo@ecf.courtdrive.com;vmpeery@jacksonkelly.com

Brian Richard Blickenstaff on behalf of Trustee Robert L. Johns
bblickenstaff@johnswvlaw.com

Joseph G. Bunn on behalf of Creditor AFG Investments 1A, LLC
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeado
ws@babstcalland.com;sburgess@babstcalland.com

10

Joseph G. Bunn on behalf of Creditor AFG Investments 1B, LLC
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeado
ws@babstcalland.com;sburgess@babstcalland.com

Joseph G. Bunn on behalf of Creditor McGinty Road Partners
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeado
ws@babstcalland.com;sburgess@babstcalland.com

Joseph G. Bunn on behalf of Creditor SMA II LP I, LLC
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeado
ws@babstcalland.com;sburgess@babstcalland.com

Thomas L. Canary, Jr. on behalf of Creditor AmeriCredit Financial Services, Inc. dba GM
Financial
bankruptcy@weinerlaw.com

Thomas L. Canary, Jr. on behalf of Creditor Ford Motor Credit Company LLC
bankruptcy@weinerlaw.com

Thomas L. Canary, Jr. on behalf of Creditor Santander Consumer USA Inc. dba Chrysler Capital
bankruptcy@weinerlaw.com

Shari Collias on behalf of U.S. Trustee United States Trustee
Shari.Collias@usdoj.gov

Sarah Ellis on behalf of Debtor Big Mule Air L.L.C.
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-
5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Civil, LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-
5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Don Holdings, LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-
5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Falcon Reclamation Limited Liability Company
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-
5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Kratos Resources LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-

5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor North Springs Holding LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Pocahontas Processing LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Resilient Eagle LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Resilient Mining, LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Smoky Quartz LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Yellow Garage, LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Max Gottlieb on behalf of Interested Party Chad D. Cole
mgottlieb@hfdrlaw.com, ccragg@hfdrlaw.com;kthomas@hfdrlaw.com;mhunt@hfdrlaw.com

Max Gottlieb on behalf of Interested Party Elizabeth Cole
mgottlieb@hfdrlaw.com, ccragg@hfdrlaw.com;kthomas@hfdrlaw.com;mhunt@hfdrlaw.com

Max Gottlieb on behalf of Interested Party Holly Cole
mgottlieb@hfdrlaw.com, ccragg@hfdrlaw.com;kthomas@hfdrlaw.com;mhunt@hfdrlaw.com

Max Gottlieb on behalf of Interested Party Ricky Dale Cole
mgottlieb@hfdrlaw.com, ccragg@hfdrlaw.com;kthomas@hfdrlaw.com;mhunt@hfdrlaw.com

Clayton T Harkins on behalf of Creditor Kentucky River Properties LLC
Clayton.Harkins@dinsmore.com, beth.blankenship@dinsmore.com

Clayton Thomas Harkins on behalf of Creditor Kentucky River Properties LLC
clayton.harkins@dinsmore.com,
valerie.lucas@dinsmore.com;kim.morris@dinsmore.com;kelly.schoolcraft@dinsmore.com

12

Jennifer J. Hicks on behalf of Creditor AFG Investments 1A, LLC
jhicks@babstcalland.com,
smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburge
ss@babstcalland.com

Jennifer J. Hicks on behalf of Creditor AFG Investments 1B, LLC
jhicks@babstcalland.com,
smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburge
ss@babstcalland.com

Jennifer J. Hicks on behalf of Creditor McGinty Road Partners
jhicks@babstcalland.com,
smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburge
ss@babstcalland.com

Jennifer J. Hicks on behalf of Creditor SMA II LP I, LLC
jhicks@babstcalland.com,
smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburge
ss@babstcalland.com

Janet Smith Holbrook on behalf of Creditor Community Trust Bank, Inc.
janet.holbrook@dinsmore.com, jamie.bishop@dinsmore.com

Bruce M. Jacobs on behalf of Creditor AFCO Credit Corporation
bjacobs@spilmanlaw.com, rmoss@spilmanlaw.com

Bruce M. Jacobs on behalf of Creditor Vecellio & Grogan, Inc.
bjacobs@spilmanlaw.com, rmoss@spilmanlaw.com

Bruce M. Jacobs on behalf of Interested Party Coal-Mac LLC
bjacobs@spilmanlaw.com, rmoss@spilmanlaw.com

Bruce M. Jacobs on behalf of Interested Party Manchester Realty, LLC
bjacobs@spilmanlaw.com, rmoss@spilmanlaw.com

Joseph T Johns on behalf of Creditor Conserv Equipment Leasing LLC
joseph.johns@jacksonkelly.com,
joseph.johns@ecf.courtdrive.com;nicole.turner@jacksonkelly.com

Joseph T Johns on behalf of Creditor Conserv Lending LLC
joseph.johns@jacksonkelly.com,
joseph.johns@ecf.courtdrive.com;nicole.turner@jacksonkelly.com

Robert L. Johns
rjohns@turnerjohns.com,
bblickenstaff@turnerjohns.com;rlj@trustesolutions.net;amarshall@turnerjohns.com;rlj@trusteso

lutions.net

Robert L. Johns on behalf of Trustee Robert L. Johns
rjohns@turnerjohns.com,
bblickenstaff@turnerjohns.com;rlj@trustesolutions.net;amarshall@turnerjohns.com;rlj@trusteso
lutions.net

Ellen Arvin Kennedy on behalf of Creditor Kentucky River Properties LLC
ellen.kennedy@dinsmore.com, DSBankruptcy@dinslaw.com

Gary O. Kinder on behalf of U.S. Trustee United States Trustee
gary.o.kinder@usdoj.gov

Michael Leahey on behalf of Creditor KIA II LLC
mleahey@tuckerlaw.com

Beverly Weiss Manne on behalf of Creditor KIA II LLC
bmanne@tuckerlaw.com

Lauren Hutchins McCartney on behalf of Creditor KIA II LLC
lmccartney@tuckerlaw.com

Jennifer McLain McLemore on behalf of Creditor Pocahontas Holdings LLC
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Jennifer McLain McLemore on behalf of Creditor Pocahontas Land LLC
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Jennifer McLain McLemore on behalf of Creditor Pocahontas Sales & Logistics LLC
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Jennifer McLain McLemore on behalf of Creditor Pocahontas Surface Interests LLC
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Jennifer McLain McLemore on behalf of Creditor WPP LLC
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Jennifer McLain McLemore on behalf of Creditor Western Pocahontas Properties Limited
Partnership
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Michael R. Proctor on behalf of Creditor Pocahontas Holdings LLC
mproctor@bowlesrice.com, lcrown@bowlesrice.com

Michael R. Proctor on behalf of Creditor Pocahontas Land LLC
mproctor@bowlesrice.com, lcrown@bowlesrice.com

14

Michael R. Proctor on behalf of Creditor Pocahontas Sales & Logistics LLC
mproctor@bowlesrice.com, lcrown@bowlesrice.com

Michael R. Proctor on behalf of Creditor Pocahontas Surface Interests LLC
mproctor@bowlesrice.com, lcrown@bowlesrice.com

Michael R. Proctor on behalf of Creditor WPP LLC
mproctor@bowlesrice.com, lcrown@bowlesrice.com

Michael R. Proctor on behalf of Creditor Western Pocahontas Properties Limited Partnership
mproctor@bowlesrice.com, lcrown@bowlesrice.com

Ancil G. Ramey on behalf of Plaintiff Civil, LLC
ancil.ramey@steptoe-johnson.com, ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com

Ancil G. Ramey on behalf of Plaintiff Pocahontas Processing LLC
ancil.ramey@steptoe-johnson.com, ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com

Ancil G. Ramey on behalf of Plaintiff Resilient Eagle LLC
ancil.ramey@steptoe-johnson.com, ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com

Ancil G. Ramey on behalf of Plaintiff Resilient Mining, LLC
ancil.ramey@steptoe-johnson.com, ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com

Peter J Raupp on behalf of Debtor Civil, LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Debtor Pocahontas Processing LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Debtor Resilient Eagle LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Debtor Resilient Mining, LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Plaintiff Civil, LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Plaintiff Pocahontas Processing LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Plaintiff Resilient Eagle LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Plaintiff Resilient Mining, LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Michael J. Roeschenthaler on behalf of Creditor Committee Official Committee of Unsecured
Creditors of Civil, LLC
KMcCauley@wtplaw.com

Zachary J. Rosencrance on behalf of Creditor Pocahontas Holdings LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor Pocahontas Land LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor Pocahontas Sales & Logistics LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor Pocahontas Surface Interests LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor WPP LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor Western Pocahontas Properties Limited
Partnership
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Debtor Pocahontas Processing LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Defendant Pocahontas Holdings LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Defendant Pocahontas Land LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Defendant Pocahontas Sales & Logistics LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Defendant Pocahontas Surface Interests LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Defendant Western Pocahontas Properties Limited
Partnership
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

16

Daniel R. Schimizzi on behalf of Creditor Committee Official Committee of Unsecured
Creditors of Civil, LLC
dschimizzi@raineslaw.com, Llescallette@raineslaw.com

Daniel R. Schimizzi on behalf of Trustee Robert L. Johns
dschimizzi@raineslaw.com, Llescallette@raineslaw.com

Carl W Shaffer on behalf of Interested Party Chad D. Cole
cshaffer@hfdrlaw.com

Carl W Shaffer on behalf of Interested Party Elizabeth Cole
cshaffer@hfdrlaw.com

Carl W Shaffer on behalf of Interested Party Holly Cole
cshaffer@hfdrlaw.com

Carl W Shaffer on behalf of Interested Party Ricky Dale Cole
cshaffer@hfdrlaw.com

James R. Sheatsley on behalf of Creditor Albatross Air, Inc.
jsheatsley@gormansheatsley.org, gormansheatsley@suddenlinkmail.com

Billy R Shelton on behalf of Creditor Trion equipment sales, llc
bshelton@sheltonlaw.net

Michael A Shiner on behalf of Creditor KIA II LLC
mshiner@tuckerlaw.com, npetroy@tuckerlaw.com

Greg K Smith on behalf of Creditor James Endicott
gks0405@frontier.com

W. Bradley Sorrells on behalf of Creditor Kentucky Power Company d/b/a American Electric
Power
wbs@ramlaw.com

Devon J. Stewart on behalf of Plaintiff Civil, LLC
devon.stewart@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Devon J. Stewart on behalf of Plaintiff Pocahontas Processing LLC
devon.stewart@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Devon J. Stewart on behalf of Plaintiff Resilient Eagle LLC
devon.stewart@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Devon J. Stewart on behalf of Plaintiff Resilient Mining, LLC
devon.stewart@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Stephen L. Thompson on behalf of Creditor Committee Official Committee of Unsecured
Creditors of Civil, LLC
sthompson@barth-thompson.com, chris@barth-thompson.com

Jared M. Tully on behalf of Interested Party Utica Leaseco, LLC
jtully@fbtlaw.com, asmith@fbtlaw.com

United States Trustee
ustpregion04.ct.ecf@usdoj.gov

Sarah Elizabeth Wenrich on behalf of Creditor Committee Official Committee of Unsecured
Creditors of Civil, LLC
swenrich@raineslaw.com

Sarah Elizabeth Wenrich on behalf of Trustee Robert L. Johns
swenrich@raineslaw.com

Eric M. Wilson on behalf of Creditor West Virginia State Tax Department
eric.m.wilson@wv.gov, lora.l.rutledge@wv.gov;christine.e.evans@wv.gov