**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re: | Chapter 7 |
| Civil, LLC, *et al.*, | Case No. 25-20179-DLB |
| Debtors. [1] | (*Jointly Administered*) |

**OBJECTION OF KIA, II LLC TO TRUSTEE'S APPLICATION TO RETAIN AND
COMPENSATE THE RB GROUP AS AUCTIONEER AND SALES AGENT**

KIA II, LLC ("**KIA**") files this objection to *Trustee's Application to Retain and Compensate the RB Group as Auctioneer and Sales Agent* [Docket No. 746] (the "**Application**"):

**BACKGROUND**

1.      On August 20, 2025 ("**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of West Virginia ("**Court**"). The Court approved the joint administration of the Debtors' cases by Order dated August 22, 2025 [Docket No. 47].

2.      On September 24, 2025, the Court entered a *Second Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 224] (the "**DIP Order**"),  authorizing the Debtors to obtain a multiple draw senior secured debtors-in-

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

possession term loan facility in an aggregate principal amount of up to $4,000,000.00 (the "**DIP Loan**") from KIA.

3.      The DIP Order provides:

[T]he DIP Lender is hereby granted continuing, valid, binding, enforceable, non-avoidable, and automatically and properly perfected postpetition liens on, and security interests in (collectively, the "DIP Liens"), except as otherwise set forth herein, all tangible and intangible prepetition and postpetition property in which the Debtors have an interest, whether real or personal, whether now existing or hereafter acquired and all proceeds thereof(the "DIP Collateral"). KIA DIP Order, at ¶ 5.

****

Subject to Section 363(k) of the Bankruptcy Code, *__in connection with any sale process authorized by the Court, the DIP Lender (either directly or through an acquisition vehicle) may credit bid up to the full amount of the applicable outstanding DIP Obligations__*, in each case including any accrued and unpaid interest and expenses (each a "Credit Bid") in any sale of any DIP Collateral, whether such sale is effectuated through section 363 or section 1129 of the Bankruptcy Code, by a Chapter 7 trustee under section 725 of the Bankruptcy Code, or otherwise, subject to the provision of consideration sufficient to pay in full in cash any senior liens on the DIP Collateral that is subject to the Credit Bid. The DIP Lender shall be considered a "Qualified Bidder" with respect to its rights to acquire all or any of the assets by Credit Bid. KIA DIP Order, at ¶ 21 (emphasis added).

4.      Following the entry of the DIP Order, KIA loaned $3,200,000.00 to the Debtors.

5.      On October 29, 2025, the Court converted the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 322].

6.      On October 29, 2025, Robert L. Johns was appointed Chapter 7 Trustee in this matter (the "**Trustee**") [Docket No. 330].

7.      On March 16, 2026, the Trustee filed the Application to Retain and Compensate the RB Group (the "**Auctioneer**") as Auctioneer and Sales Agent, along with a Multi-Channel Sales Agreement (the "**Engagement Agreement**") setting forth the terms and conditions governing RB

2

Group's retention and compensation attached to the Application as Exhibit A, and a proposed order granting the Application.

8.      Under the Engagement Agreement, the Auctioneer receives (i) commission in the amount of 8.5% of the aggregate gross proceeds if such proceeds are up to $5,000,000, 8.0% if total gross proceeds exceed $5,000,000 but are less than $10,000,000, and $7.5% if total gross proceeds are equal to or exceed $10,000,000, plus 25% for any lot realizing $3,000, with a minimum fee of $195.00 per lot (the "**Commission**"); (ii) reimbursement of service costs plus a fee of 10% of actual costs (the "**Service Cost Reimbursement**"); and (iii) $100,000.00 in fixed fees for an "Off-Site Sale Expense" and an "Inventory Compilation Fee" (the "**Fixed Fees**"). The Engagement Agreement also provides the buyers shall directly pay transaction fees (the "**Transaction Fees**") to Auctioneer for each lot sold as follows:

| Winning Bid for a Lot | Transaction Fee |
|---|---|
| USD $25,000 or less | 10% of the winning bid; with a minimum fee of USD $100 per Lot |
| Greater than USD $25,000 up to and including USD $75,000 | 5% of the winning bid; with a minimum fee of USD $2,500 per Lot |
| Greater than USD $75,000 | USD $3,750 |

*See* Application, at ¶¶ 8-10; Engagement Agreement, at ¶¶ 2 & 4; Schedule B to Engagement Agreement, at ¶ 7.

## OBJECTION

**I.      The Transaction Fees Interfere with KIA's Right to Credit Bid under the DIP Order.**

9.      Under section 363 of Title 11 of the United States Code (the "**Bankruptcy Code**"):

> At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid as such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

11 U.S.C. § 363(k).

10.     The DIP Order provides that KIA may credit bid up to the full amount of the applicable outstanding DIP Obligations in connection with any sale authorized by the court. *See* DIP Order, ¶ 21.

11.     Under the terms of the Engagement Agreement, if KIA submits credit bids on the assets to be sold at the auction (the "**Auction**"), KIA will be required to directly pay the Transaction Fees to the Auctioneer in cash.

12.     Requiring KIA to directly pay the Auctioneer the Transaction Fees in cash interferes with and frustrates KIA's right to offset its claim against the Debtors against the purchase price of the assets at the Auction.

13.     KIA requests that the Court deny Application to the extent that it interferes with KIA's right to credit bid under the DIP Order.

14.     KIA joins in the *Objection to the Trustee's Application to Retain and Compensate the RB Group as Auctioneer and Sales Agent* [Docket No. 819] filed by Pocahontas Land LLC, Pocahontas Surface Interests LLC, Pocahontas Holdings LLC, Western Pocahontas Properties Limited Partnership, and Pocahontas Sales and Logistics LLC (the "**Pocahontas Objection**") at paragraphs 12 and 13.

## II.    The Transaction Fees and Fixed Fees are Unreasonable Under Section 328 of the Bankruptcy Code.

15.     Under section 328 of the Bankruptcy Code, a trustee may only employ a professional person under section 327 of the Bankruptcy Code provided that the terms and conditions of such employment are reasonable. 11 U.S.C. § 328(a).

16.     The Trustee's proposal to require bidders to pay the Auctioneer duplicative Transaction Fees on top of the Commission is unreasonable.

17.     KIA submits that the Auctioneer's proposed compensation falls outside industry standards.

18.     KIA joins in the objections to the Transaction Fees and Fixed fees in paragraphs 9 through 18 of the Pocahontas Objection. *See* Pocahontas Objection, ¶¶ 9-18.

19.     Accordingly, KIA respectfully requests that the Court deny the Application to the extent that it requests approval of the Transaction Fees and Fixed Fees.

WHEREFORE, KIA respectfully requests that the Court (i) deny the Application to the extent that the Application and the Engagement Agreement attached thereto (a) interfere with KIA's right to credit bid under the DIP Order and (b) request approval of the Transaction Fees and Fixed Fees set forth therein and (ii) grant such other and further relief as the Court deems just and proper.

Dated:     April 7, 2026                    TUCKER ARENSBERG, P.C.

*/s/ Michael A. Shiner*
Michael A. Shiner, Esq. (PA ID No. 78088)
Beverly Weiss Manne, Esq. (PA ID No. 34545)
Lauren Hutchins McCartney, Esq.  (WV ID 12304)
Michael Leahey, Esq.  (WV ID 9934)
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
mshiner@tuckerlaw.com
bmanne@tuckerlaw.com
lmccartney@tuckerlaw.com
mleahy@tuckerlaw.com

*Counsel for KIA II, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury that on April 7, 2026, a true and correct copy of the foregoing Objection of KIA II, LLC to Trustee's Application to Retain and Compensate the RB Group as Auctioneer and Sales Agent filed by KIA II, LLC, was served on all parties requesting electronic notice via the Court's CM/ECF System.

*/s/ Michael A. Shiner*
Michael A. Shiner, Esquire