## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: | Chapter 7 |
| Civil, LLC, et al., | Case No. 25-20179-DLB |
| | (Jointly Administered) |
| Debtors.[1] | |

## PROPOSED AGREED ORDER ADJOURNING THE SALE HEARING AND EXTENDING RELATED AUCTION DEADLINES

THIS MATTER having come before the Court upon the *Expedited Motion* (the "Motion") of Robert L. Johns, the Chapter 7 Trustee (the "Trustee"), to adjourn the Sale Hearing and extend related auction deadlines to facilitate resolution of outstanding lienholder disputes; and the Court having considered the Motion and the record in these cases, including the rights of the Trustee to adjourn the Sale Hearing[2] and related deadlines as more fully set forth in the Auction Procedures Order; and upon the agreement of the Consultation Parties; and adequate notice of the Motion having been given; and the Court having determined that good and sufficient cause exists for the relief requested; and for the reasons stated on the record or in the Court's findings, if any;

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

[2] Capitalized terms not otherwise defined herein shall have the same definitions as ascribed to them in the Motion.

1

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** as set forth herein.

2.     The deadline for the Trustee to either (a) accept or reject a Credit Bid application, or (b) designate a Stalking Horse Bid is hereby **EXTENDED** to **May 22, 2026, at 5:00 PM (prevailing Eastern time)**.

3.     The deadline for any party seeking approval from this Court to proceed with a Credit Bid at the Auction is hereby **EXTENDED** to **June 5, 2026, at 4:00 PM (prevailing Eastern time)**.

4.     The Sale Objection Deadline is **EXTENDED** to **June 5, 2026, at 4:00 PM (prevailing Eastern time)**.

5.     The deadline for filing replies to any sale objections is **EXTENDED** to **June 10, 2026, at 4:00 PM (prevailing Eastern time)**.

6.     The Sale Hearing currently scheduled for May 7, 2026, at 10:00 AM (prevailing Eastern time) at the Frederick P. Stamp, Jr. Federal Building and United States Courthouse, 1125 Chapline Street, Wheeling, West Virginia 26003, is **ADJOURNED** to **June 12, 2026, at 11:00 AM (prevailing Eastern time)** at the U.S. Bankruptcy Courtroom, Frederick P. Stamp, Jr. Federal Building and United States Courthouse 1125 Chapline Street, Wheeling, WV 26003.

7.     The deadline to disclose asset lots is **EXTENDED** to no later than seven (7) days after the entry of the Sale Order.

8.     The Auction commencement date, currently set for May 27, 2026, is **EXTENDED** to July 14, 2026.

9.  Except as expressly modified by this Order, all provisions of the Auction Procedures Order [Docket No. 796], as extended by certain notices filed at Doc. Nos. 834 and 849, shall remain in full force and effect.

10.  The Trustee shall file a notice of revised sale dates and deadlines within three (3) days of the entry of an Order granting the relief requested in this Motion and shall serve such notice on all creditors and parties in interest as reflected on the mailing matrices in these chapter 7 cases; provided, however, that electronic service by the Court's CM/ECF Notification shall be deemed good and sufficient on any party receiving electronic notices from the Court.

11.  Nothing in this Order constitutes a finding with respect to the validity, priority, extent, or avoidability of any asserted lien or security interest in the assets of the Debtors' estates, and all rights of the Trustee and all parties in interest with respect thereto are expressly reserved.

12.  The Trustee reserves his rights, in an exercise of his sound business judgment in accordance with his fiduciary duties owed to these estates, to further extend the sale milestones set forth herein consistent with the Auction Procedures Order and applicable law.

13.  This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.


Prepared by: */s/ Daniel R. Schimizzi*
Daniel R. Schimizzi, Special Counsel to
Robert L. Johns, Chapter 7 Trustee

3