**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

In re:                                              Chapter 7

Civil, LLC, *et al.,*                               Case No. 2:25- bk-20179
                                                    *(Jointly Administered)*

        Debtors.


**UNITED STATES OF AMERICA'S OBJECTION AND RESERVATION OF RIGHTS TO
DEBTORS' MOTION FOR ORDER AUTHORIZING SALE OF ASSETS**

The United States of America, acting on behalf of the Internal Revenue Service ("United States" or "IRS")), by counsel, Moore Capito, United States Attorney for the Southern District of West Virginia, and Chris R. Arthur, Assistant United States Attorney for the Southern District of West Virginia, files this Objection and Reservation of Rights to the Debtors' *Expedited Motion to Consider Entry of Orders (A) Approving Auction Procedures for Sale of All or Substantially All of the Debtors' Machinery, Equipment and Related Mining Assets; (B) Authorizing the Trustee to Designate Stalking Horse Bidders and Approving Proposed Stalking Horse Bidders and Approving Proposed Stalking Horse Bid Protections; (C) Scheduling Hearing to Approve the Sale of the Debtors' Assets; (D) Scheduling Auction; (E) Approving Form and Manner of Notice of Auction and Sale Hearing; and (F) Granting Related Relief (*"Sale Motion"). *See* Dkt. No. 690. In support thereof, the United States respectfully states as follows:

**I.       Relevant Facts**

1.  On August 20, 2025, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On October 29, 2025, the Debtors converted their bankruptcy from Chapter 11 to Chapter 7. On October 31, 2025, the Court appointed Robert Johns as the Chapter 7 Trustee ("Trustee") to administer the Debtors' assets.

3. On March 4, 2026, the Trustee filed the Sale Motion seeking an order authorizing the auction of certain assets of the Debtors consisting of "coal mining equipment, trailers, motor vehicles, and related coal mining inventory held by the Debtors and located at: (i) 200 Open Fork Rd, Kingston, WV 25917 ("Deepwater"); and (ii) 870 Gateway Industrial Park Drive, Jenkins, KY 41537 ("Jenkins") and with Deepwater, collectively, the "Auctioned Asset Sites")". *Id*. at 6.

4. The Trustee also seeks the authority to identify one or more stalking horse bidder(s) and to approve a termination fee and expense reimbursement if the stalking horse bidder(s) are not the successful purchasers of the Auctioned Assets. *Id*. at 13.

5. The Trustee further seeks permission to sell all of the Auctioned Assets free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(f). *Id*. at 15.

6. The Trustee's Sale Motion proposes that the "net proceeds from the Trustee's sale of the Assets, following payment to the Auctioneer, shall be paid to the Trustee and deposited into an escrow account to be held pending further order of this Court; provided, however, that the Trustee is authorized, without the need for further order of the Court, to disburse from the sale proceeds funds sufficient to pay (i) the Trustee's statutory commission, and (ii) the reasonable fees and expenses of the Trustee's retained professionals, which shall be held in escrow by the Trustee pending submission and approval of one or more interim and/or final fee applications by the Trustee's retained professionals." *Id*. at 16.

7.     On April 16, 2026, the IRS filed "Proof of Claim" in the amount of $34,249,026.78. *See* Claim No. 74-1.

8.     The IRS holds valid and perfected federal tax liens securing unpaid tax liabilities of the Debtors for the tax periods 2019 through 2025 (the "Tax Liens"). *Id.*; *see* also Federal Tax Liens attached hereto as Exhibit A. The IRS perfected its federal tax liens by filing and having recorded federal tax liens with the County Clerk of Harlan County, Harlan, Kentucky. *Id*.

9.     IRS holds valid and perfected tax liens securing unpaid tax liabilities of the Debtors for the tax periods 2019 through 2025 against the Debtors' real estate, motor vehicle, and other property in the amount of $17,534,332.08.

## II.     Legal Basis for Objection

10.    Under 11 U.S.C. § 363(f), the Trustee may sell assets free and clear of interests in certain circumstances. *See In re: Ricco, Inc.,* 2014 WL 1329292, * 2 (Bankr. N.D. W.Va. 2014); *see* also *In re: Takeout Taxi Holdings, Inc.*, 307 B.R. 525, 529 (Bankr. E.D. Va. 2004).

11.    Section 363(f) states:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

3

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

12. In *Ricco*, the Court concluded that "the only logical interpretation of ... § 363(f)(5) is that the statute requires that the trustee or debtor be the party able to compel monetary satisfaction for the interest which is the subject of the sale." *Id.*; citing *In re Haskell, L.P.,* 321 B.R. 1, 9 (Bankr.D.Mass.2005).

13. The United States objects to the extent that the Sale Motion fails to explicitly recognize the IRS's secured status, nor does it provide a mechanism for the IRS's federal tax liens to attach to the sale proceeds. 13. The United States does not object to the proposed sale of Assets, subject to the conditions that: (i) any and all liens, claims, and encumbrances held by or asserted by the IRS attach to the sale proceeds with the same extent, validity, and priority as such liens, claims, and encumbrances existed with respect to the Assets immediately prior to the closing; and (ii) such proceeds shall stand in the place of the Assets and shall not be distributed or disbursed absent agreement of the parties or further order of this Court.

14. The United States expressly reserves all rights with respect to the validity, priority, and enforceability of any liens, claims, and encumbrances against the sale proceeds and any motion or application (which may include the Trustee's final accounting) to distribute the sale proceeds.

15. The IRS further does not object to the payment of reasonable fees and costs of the Chapter 7 Trustee (including reasonable professionals' fees) incurred in connection with the sale of the Assets and the administration of these Chapter 7 Cases from

4

proceeds of any sale of Assets, which fees and costs remain subject to allowance and approval by this Court pursuant to applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, having priority in payment to the payment of any allowed claim of the IRS.

16. The United States expressly reserves all of its rights, remedies, and powers under the Internal Revenue Code and the Bankruptcy Code.

17. The United States reserves the right to amend, supplement, or withdraw this Objection, to present evidence and argument at the hearing, and to assert any and all claims, rights, and liens it may have against the Debtors, the estate, and the proceeds of the proposed sale.

**WHEREFORE,** for the reasons set forth above, the United States respectfully requests that the Court enter an order sustaining this Objection, denying the Sale Motion unless the requested protections are included, and granting such other and further relief as the Court deems just and proper.

Dated: May 27, 2026

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

In re:                                                    Chapter 7
                                                          Case No. 2:25-bk-20179
Civil, LLC, *et al.,*



          Debtors,


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2026, I electronically filed the foregoing **United States of America's Objection and Reservation of Rights to Debtor's Motion for Order Authorizing Sale of Assets** with the Clerk of the Court using the CM/ECF system and that I have served a true copy by CM/ECF notification to the following parties:

John Zachary Balasko on behalf of Big Mule Air LLC et al.
zak.balasko@steptoe-johnson.com

Angel L. Beblo on behalf of Creditor Conserv Equipment Leasing LLC et al.
angela.beblo@jacksonkelly.com

Brian Richard Blickenstaff on behalf of trustee Robert L. Johns
bblickenstaff@johnswvlaw.com

Joseph G. Bunn on behalf of Attorney for AFG Investments 1A, LLC et al.
jbunn@babstcalland.com

Thomas L. Canary, Jr. on behalf of Creditor AmeriCredit Financial Services, Inc. et al.
bankruptcy@weinerlaw.com

Shari Collias on behalf of U.S. Trustee United States Trustee
Shari.Collias@usdoj.gov

Aaron Leonard Graves on behalf of Creditor Kentucky River Properties LLC
agraves@flahertylegal.com

Jennifer J. Hicks on behalf of Creditor AFG Investments 1A, LLC et al.

6

jhicks@babstcalland.com

Janet Smith Holbrook on behalf of Creditor Community Trust Bank, Inc.
janet.holbrook@dinsmore.com

Bruce M. Jacobs on behalf of Creditor AFCO Credit Corporation et al.
bjacobs@spilmanlaw.com

Joseph T Johns on behalf of Creditor Conserv Equipment Leasing LLC et al.
joseph.johns@jacksonkelly.com

Robert L. Johns on behalf of Trustee Robert L. Johns
rjohns@turnerjohns.com

Ellen Arvin Kennedy on behalf of Creditor Kentucky River Properties LLC
ellen.kennedy@dinsmore.com

Gary O. Kinder on behalf of U.S. Trustee United States Trustee
gary.o.kinder@usdoj.gov

James W. Lane, Jr. on behalf of Creditor Kentucky River Properties LLC
jlane@flahertylegal.com

Beverly Weiss Manne on behalf of Creditor KIA II LLC
bmanne@tuckerlaw.com

Lauren Hutchins McCartney on behalf of Creditor KIA II LLC
lmccartney@tuckerlaw.com

Jennifer McLain McLemore on behalf of Creditor Pocahontas Holdings LLC et al.
jmclemore@williamsmullen.com

Michael R. Proctor on behalf of Creditor Pocahontas Holdings LLC et al.
mproctor@bowlesrice.com

Ancil G. Ramey on behalf of Plaintiff Civil, LLC et al.
ancil.ramey@steptoe-johnson.com

Peter J Raupp on behalf of Debtor Civil, LLC et al.
peter.raupp@steptoe-johnson.com
Michael J. Roeschenthaler on behalf of Creditor Committee Official Committee of Unsecured
Creditors of Civil, LLC
KMcCauley@wtplaw.com

Zachary J. Rosencrance on behalf of Creditor Pocahontas Holdings LLC et al.
zrosencrance@bowlesrice.com

Daniel R. Schimizzi on behalf of Creditor Committee Official Committee of Unsecured Creditors
of Civil, LLC et al.
dschimizzi@raineslaw.com

James R. Sheatsley on behalf of Creditor Albatross Air, Inc.
jsheatsley@gormansheatsley.org

Billy R Shelton on behalf of Creditor Trion Equipment Sales, LLC
bshelton@sheltonlaw.net

Michael A Shiner on behalf of Creditor KIA II LLC
mshiner@tuckerlaw.com

Greg K Smith on behalf of Creditor James Endicott
gks0405@frontier.com

W. Bradley Sorrells on behalf of Creditor Kentucky Power Company d/b/a American Electric
Power
wbs@ramlaw.com

Devon J. Stewart on behalf of Plaintiff Civil, LLC et al.
devon.stewart@steptoe-johnson.com

Jared M. Tully on behalf of Interested Party Utica Leaseco, LLC
jtully@fbtlaw.com

United States Trustee
ustpregion04.ct.ecf@usdoj.gov

Sarah Elizabeth Wenrich on behalf of Creditor Committee Official Committee of Unsecured
Creditors of Civil, LLC et al.
swenrich@raineslaw.com

Eric M. Wilson on behalf of Creditor West Virginia State Tax Department
eric.m.wilson@wv.gov


/s/ Christopher R. Arthur_____
Assistant United States Attorney


8