**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Civil, LLC, *et al.*, | ) | Case No. 25-20179-DLB |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Robert L. Johns, chapter 7 trustee (the "Trustee") for the bankruptcy estates of Civil, LLC, *et al.* (collectively, the "Debtors"), by undersigned special counsel, and Combs Equipment Group, LLC ("Combs Equipment" and with the Trustee, each, a "Party" and collectively, the "Parties"), by undersigned counsel, hereby file this motion (the "Motion") respectfully requesting that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving a compromise (the "Settlement") between the Trustee and Combs Equipment pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Trustee and Combs Equipment respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Parties seek approval of the Settlement, which resolves disputes between the Trustee and Combs Equipment relating to a Joy Continuous Miner, Machine Model No. 14CM15, Serial No. JM6199 (the "Miner"), which is the subject of, among other things, a promissory note and lease purchase agreement between Debtor Kratos Resources, LLC and Combs Equipment.

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

The Settlement also resolves issues raised in connection with the Trustee's Assumption Motion (as defined herein), including issues concerning the characterization of the underlying transaction.

2. The Settlement was reached after arm's-length negotiations and analysis of the claims, defenses, and issues raised in connection with the Trustee's *Motion for Entry of an Order Authorizing the Trustee to Assume Executory Contracts and Unexpired Leases and Further Extending Deadlines Relating to Assumption or Rejection of Executory Contracts and Unexpired Leases* [Docket No. 803] (the "Assumption Motion") and Combs Equipment's informal responses thereto, and is subject to approval of this Court.

3. The Settlement should be approved because it provides meaningful value to the Debtors' bankruptcy estates by resolving disputes concerning the Miner, Combs Equipment's asserted claims and the Trustee's ability to administer estate assets without the uncertainty, expense, and delay of further litigation over those issues. Based on the Trustee's investigation, evaluation of the relevant facts and law, consideration of the risks, costs, and delay of litigation, and assessment of the benefits to creditors and parties in interest, the Trustee submits that the Settlement is fair, equitable, reasonable, and in the best interests of the Debtors, the estates, creditors, and other parties in interest.

## JURISDICTION AND VENUE

4. On April 14, 2024, the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), commencing the above-captioned jointly administered bankruptcy case, Case No. 2:25-bk-20179, pending before the Honorable David L. Bissett in the United States Bankruptcy Court for the Southern District of West Virginia (the "Bankruptcy Case").

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and rule predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## **BACKGROUND AND PROCEDURAL HISTORY**

7. On August 20, 2025, each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the Bankruptcy Court, thereby commencing the Bankruptcy Cases. Initially, the Debtors' continued to manage their affairs as debtors-in-possession under chapter 11 of the Bankruptcy Code.

8. On August 22, 2025, the Court entered an Order directing the joint administration of the Bankruptcy Cases. [Docket No. 47].

9. During the first week of September, 2025, the Debtors' chief restructuring officer Barry W. Tackett as well as the Debtors' principal John Quintrell negotiated with Combs Equipment to purchase the Miner, which Combs Equipment delivered to that certain coal mine commonly known as Mine Number 9 located in both Knott and Letcher Counties, Kentucky (the "Kratos Mine").

10. The deal was documented in the *Purchase & Security Agreement* attached hereto as **Exhibit B** and was explicitly conditioned upon the Debtors obtaining authority of the Bankruptcy Court to approve the agreement. (*See Purchase & Security Agreement*, ¶ (Y)). Combs Equipment was led to believe that such approval was obtained; however, it was not. Accordingly, Combs Equipment provided the Debtors control of the Miner. In exchange, the Debtors paid Combs Equipment $300,000 as an initial payment for the Miner, with future payments to be made over time and secured by a lien on the Miner.

11. On October 29, 2025, the Bankruptcy Court entered an order converting the Bankruptcy Cases to proceedings under chapter 7 of the Bankruptcy Code. [Docket No. 322].

12. On October 31, 2025, the Office of the United States Trustee appointed Robert L. Johns as Trustee in the Bankruptcy Cases. [Docket No. 330].

13. Upon learning that the Kratos Mine was at risk of being red tagged, on or about March 3, 2026, Combs Equipment caused the Miner to be repossessed. Combs Equipment neither obtained consent from the Trustee nor relief from the Automatic Stay imposed by section 362 of the Bankruptcy Code prior to repossessing the Miner.

14. On March 30, 2026, the Trustee filed the Assumption Motion, by which the Trustee sought to assume what was purportedly an executory contract with Combs Equipment related to a different continuous miner. Specifically, by the Assumption Motion the Trustee sought authority to assume an "Assignment of Lease Purchase Agreement Dated September 5, 2024, by and between, inter alia, Debtor Kratos Resources, LLC, and Combs Equipment Group, LLC," by which Combs Equipment leased to Kratos Resources, LLC the Miner for $800,000.00.

15. In response to the Assumption Motion, Combs Equipment informally disputed the relief sought in the Assumption Motion and reached out to the Trustee to seek a consensual resolution of certain issues related to the Assumption Motion and the Miner. As a result of arm's-length negotiations, the Trustee and Combs Equipment agreed to resolve the disputes between them on the terms set forth in the Settlement as set forth below.

## THE PROPOSED SETTLEMENT

16. The Trustee and Combs Equipment negotiated and reached the Settlement in good faith and subject to final approval of this Court. The material terms of the Settlement include the following:

a. *Disposition of the Miner.* Under the Settlement, Combs Equipment shall retain the Miner, and the Trustee shall be deemed to have made a distribution to Combs Equipment in the amount of $929,768.06 in full satisfaction of any and all claims asserted by Combs Equipment against the Debtors' estates other than a claim under section 502(h) of the Bankruptcy Code which Combs Equipment will assert by filing an amended proof of claim within seven (7) days of entry of an order granting this Motion. Combs Equipment shall receive complete title to the Miner, and it is the intention of Combs Equipment to separately sell the Miner without the need for any further authority or approval of the Bankruptcy Court or the Trustee. The Trustee shall have no interest in or claim to the proceeds of any sale of the Miner beyond the Settlement Payment (as described below).

b. *Settlement Consideration.* Pursuant to the Settlement, and in full settlement of: (i) the Trustee's Assumption Motion (solely as it relates to Combs Equipment); (ii) any claim the Trustee has or may have against Combs Equipment for violation of the Automatic Stay imposed by Section 362 of the Bankruptcy Code; and (iii) any claim or cause of action the Trustee has or may have against Combs Equipment solely arising under Section 549 of the Bankruptcy Code, Combs Equipment shall carve-out and pay a one-time payment to the Trustee in the amount of $175,000.00 (the "<u>Settlement Payment</u>"), which shall be applied first (1st) to satisfy the reasonable fees and costs incurred by the Trustee (including reasonable professional fees subject to approval by this Court) and second (2nd) to be distributed in accordance with the priority provisions of the Bankruptcy Code.

c. *Payment Timing.* The Settlement Payment shall be due upon the later of: 5 business days the closing on a sale of the Miner by Combs Equipment; or 45 business days from the entry of an order granting this Motion. For avoidance of doubt, the Settlement Payment shall

remain due and payable regardless of whether Combs Equipment consummates a sale of the Miner, and the failure to consummate a sale of the Miner shall not excuse the performance of Combs under this Settlement.

d. *Releases.* In exchange for the consideration provided under the Settlement, the Trustee, on behalf of the Debtors and their bankruptcy estates, shall release Combs Equipment from all claims relating to the Miner; provided, however, that this Settlement does not waive, and the Trustee retains and serves, any and all claims and/or causes of action arising under Chapter 5 of the Bankruptcy Code except for claims and causes of action arising under Section 549 of the Bankruptcy Code that relate exclusively to the Miner. The Trustee is not providing a complete release to Combs Equipment. Combs Equipment shall release the Trustee, the Debtors, and their bankruptcy estates from all claims relating to the Miner other than a section 502(h) claim in the amount of $175,000 to be asserted via an amended proof of claim filed within 7 days of entry of an order granting this Motion. The Trustee will deem the Assumption Motion withdrawn solely as it relates to Combs Equipment.

e. *Conditions to Effectiveness.* The parties' rights and obligations under the Settlement are expressly subject to and contingent upon entry of an order approving the Settlement pursuant to Bankruptcy Rule 9019.

## RELIEF REQUESTED

17. By this Motion, the Trustee respectfully requests entry of the Approval Order approving the Settlement and authorizing the Trustee to take any and all actions necessary or appropriate to implement and effectuate the Settlement according to its terms.

## BASIS FOR RELIEF

18. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. In reviewing any proposed settlement under Bankruptcy Rule 9019, courts will approve the settlement if it is "fair and equitable" and in the best interests of the debtor's bankruptcy estate. *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

19. The Bankruptcy Court is not required to conduct a "mini-trial" of the underlying case but instead must only decide whether the proposed settlement falls "below the lowest point in the range of reasonableness." *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (citations omitted); s*ee also United States of America ex rel. Rahman v. Oncology Associates, PC*, 269 B.R. 139, 153 (D. Md. 2001). In approving a settlement, the Bankruptcy Court should further consider: "(1) the probability of success in the litigation; (2) the complexity, expense and likely duration of the litigation; (3) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise, including potential difficulties in collection, if any; and (4) whether the proposed compromise is fair and equitable to the debtor, its creditors, and other parties in interest." *Fetner v. Hotel St. Capital, L.L.C.*, 2021 U.S. Dist. LEXIS 52980 at *6 (E.D. Va. February 5, 2021).

20. Here, the Settlement satisfies the applicable standard and should be approved.

21. *First*, the Trustee has evaluated the probability of success on the merits and determined that, although the Trustee believes the estate's position is well supported, continued litigation carries risks. Specifically, there does not appear to be an executory contract related to the Miner that can be assumed, there is instead a post-Petition Date sale agreement not approved

by the Bankruptcy Court. If the Trustee were to litigate the lack of approval related to the sale of the Miner, then the Trustee would likely have to abandon the Miner to Combs Equipment and to seek to recover the unauthorized transfer of $300,000 as a down-payment on the Miner that the Debtors made to Combs Equipment. In defense, Combs Equipment would assert various claims against the Debtors including an unjust enrichment claim for the use of the Miner for several months which would be greater than $300,000. The Settlement avoids all of this litigation and provides $175,000 in cash now to a chapter 7 bankruptcy estate that is already ensconced in various litigation.

22. *Second*, continued litigation would impose additional cost, delay, and administrative burden on the estate. Absent settlement, the Trustee and Combs Equipment would be required to litigate the Assumption Motion and likely an avoidance action under section 549 of the Bankruptcy Code. Approval of the Settlement avoids those costs and promotes judicial economy.

23. *Third*, the Settlement avoids uncertainty regarding the parties' respective rights in or relating to the Assignment Motion, the Miner, and any proceeds or obligations associated with those assets, and thereby assists the Trustee in administering the estate in an orderly and efficient manner.

24. *Fourth*, the Settlement is fair and equitable to the Debtors, the estates, creditors, and other parties in interest. The Settlement not only provides a carve-out of $175,000.00 to the estate to be applied first (1st) to satisfy the reasonable fees and costs incurred by the Trustee (including reasonable professional fees subject to approval by this Court) and second (2nd) for distribution in accordance with the priority provisions of the Bankruptcy Code, but also addresses and resolves any claim asserted by Combs Equipment against the estates, including Combs

Equipment's asserted secured claim of $929,768.06. The Settlement therefore avoids the uncertainty, expense, and delay associated with further litigation. The scope of the releases is reasonable in light of the consideration exchanged and is appropriately limited to the disputes concerning the Miner and Combs Equipment's related claims, as the only claims being released relate exclusively to the Miner. If and to the extent the Trustee identifies additional claims and causes of action against Combs Equipment, the Settlement does not waive or release such claims and causes of action, as the Trustee and Combs Equipment reserve all rights with respect to any other claims and causes of action.

25. Based on the Trustee's review and analysis of the facts and law applicable to the settled dispute, and after considering the costs, risks, delay, potential defenses, and benefits of the Settlement, the Trustee submits that the Settlement represents a reasonable exercise of the Trustee's business judgment and fiduciary duties and is in the best interests of the estates and creditors.

26. Accordingly, the Settlement is justified, reasonable, fair, equitable, and should be approved pursuant to Bankruptcy Rule 9019.

## NOTICE

27. Notice of this Motion has been provided to the Debtors, the United States Trustee, all creditors, all parties requesting notice, Combs Equipment, all parties to the Settlement, and any other parties required by the Bankruptcy Rules, Local Rules, or Court order.

28. The Trustee submits that such notice is due, proper, and sufficient under the circumstances and that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Parties respectfully request that the Court (a) enter the Approval Order,

substantially in the form attached hereto as Exhibit A, granting this Motion and approving the Settlement pursuant to Bankruptcy Rule 9019; (b) authorize the Trustee to take any and all actions necessary or appropriate to effectuate the Settlement; and (c) grant such other and further relief as the Court deems just and proper.

Dated: July 28, 2026

Respectfully submitted:

**ROBERT L. JOHNS,**
**CHAPTER 7 TRUSTEE**

/s/ Robert L. Johns
ROBERT L. JOHNS [WV S.B. #5161]
Johns & Associates, PLLC
101 Brook Hill Drive
Charleston, West Virginia 25311
(304) 720-2300

**RAINES FELDMAN LITTRELL, LLP**

By: /s/ Daniel R. Schimizzi
Michael J. Roeschenthaler (PA ID No. 87647)
Daniel R. Schimizzi (PA ID No. 311869)
Sarah E. Wenrich (PA ID No. 325834)
*Admitted Pro Hac Vice*
11 Stanwix Street, Suite 1500
Pittsburgh, PA 15222
Telephone: 412-899-6472
Email: mroeschenthaler@raineslaw.com
dschimizzi@raineslaw.com
swenrich@raineslaw.com

*Special Counsel to the Chapter 7 Trustee*

-and-

**DENTONS BINGHAM GREENEBAUM LLP**

By: /s/ James R. Irving
James R. Irving (not yet admitted)
101 S. Fifth Street, 3500 PNC Tower
Louisville, KY 40202
Telephone: 502-587-3606
Email: james.irving@dentons.com

*Counsel to Combs Equipment Group, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Joint Motion to Approve Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019* was served on the following parties by CM/ECF Notification on July 28, 2026:

Christopher R. Arthur on behalf of Interested Party United States Department of Labor
carthur@spilmanlaw.com, usawvs.ecfbankruptcy@usdoj.gov;caseview.ecf@usdoj.gov

John Zachary Balasko on behalf of Attorney Steptoe & Johnson
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor Big Mule Air L.L.C.
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor Civil, LLC
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor Don Holdings, LLC
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor Falcon Reclamation Limited Liability Company
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor Kratos Resources LLC
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor North Springs Holding LLC
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor Pocahontas Processing LLC
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor Resilient Eagle LLC
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor Resilient Mining, LLC
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor Smoky Quartz LLC
zbalasko@rc.com

John Zachary Balasko on behalf of Debtor Yellow Garage, LLC
zbalasko@rc.com

Angela L. Beblo on behalf of Creditor Conserv Equipment Leasing LLC
angela.beblo@jacksonkelly.com, angela.beblo@ecf.courtdrive.com;vmpeery@jacksonkelly.com

Angela L. Beblo on behalf of Creditor Conserv Lending LLC
angela.beblo@jacksonkelly.com, angela.beblo@ecf.courtdrive.com;vmpeery@jacksonkelly.com

Brian Richard Blickenstaff on behalf of Trustee Robert L. Johns
bblickenstaff@johnswvlaw.com

Joseph G. Bunn on behalf of Creditor AFG Investments 1A, LLC
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.co
m;sburgess@babstcalland.com

Joseph G. Bunn on behalf of Creditor AFG Investments 1B, LLC
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.co
m;sburgess@babstcalland.com

Joseph G. Bunn on behalf of Creditor McGinty Road Partners
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.co
m;sburgess@babstcalland.com

Joseph G. Bunn on behalf of Creditor SMA II LP I, LLC
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.co
m;sburgess@babstcalland.com

Joseph G. Bunn on behalf of Defendant AFG Investments 1A, LLC
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.co
m;sburgess@babstcalland.com

Joseph G. Bunn on behalf of Defendant AFG Investments 1B, LLC
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.co
m;sburgess@babstcalland.com

Joseph G. Bunn on behalf of Defendant ALLEGIANCE CAPITAL LLC
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.co
m;sburgess@babstcalland.com

Joseph G. Bunn on behalf of Defendant SMA II LP I, LLC
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.co
m;sburgess@babstcalland.com

Joseph G. Bunn on behalf of Plaintiff Robert L. Johns
jbunn@babstcalland.com,
kmarkins@babstcalland.com;jpritchard@babstcalland.com;bmccoy@babstcalland.com;smeadows@babstcalland.co
m;sburgess@babstcalland.com

Thomas L. Canary, Jr. on behalf of Creditor AmeriCredit Financial Services, Inc. dba GM Financial
bankruptcy@weinerlaw.com

Thomas L. Canary, Jr. on behalf of Creditor Ford Motor Credit Company LLC
bankruptcy@weinerlaw.com

Thomas L. Canary, Jr. on behalf of Creditor Santander Consumer USA Inc. dba Chrysler Capital
bankruptcy@weinerlaw.com

Shari Collias on behalf of U.S. Trustee United States Trustee
Shari.Collias@usdoj.gov

Ryan David Combs on behalf of Creditor Internal Revenue Service
ryan.combs@usdoj.gov

Jeffrey Dye on behalf of Creditor WV Dept. of Environmental Protection
jeffrey.o.dye@wv.gov

Sarah Ellis on behalf of Debtor Big Mule Air L.L.C.
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Civil, LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Don Holdings, LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Falcon Reclamation Limited Liability Company
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Kratos Resources LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor North Springs Holding LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Pocahontas Processing LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Resilient Eagle LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Resilient Mining, LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Smoky Quartz LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Debtor Yellow Garage, LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Plaintiff Civil, LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Plaintiff Pocahontas Processing LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Plaintiff Resilient Eagle LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Sarah Ellis on behalf of Plaintiff Resilient Mining, LLC
sarah.ellis@steptoe-johnson.com, susan-oxley-5561@ecf.pacerpro.com;kellie-laraba-5306@ecf.pacerpro.com

Andrew Glasnovich on behalf of Creditor AFG Investments 1A, LLC
drew.glasnovich@stinson.com

Andrew Glasnovich on behalf of Creditor AFG Investments 1B, LLC
drew.glasnovich@stinson.com

Andrew Glasnovich on behalf of Creditor McGinty Road Partners
drew.glasnovich@stinson.com

Andrew Glasnovich on behalf of Creditor SMA II LP I, LLC
drew.glasnovich@stinson.com

Max Gottlieb on behalf of Interested Party Chad D. Cole
mgottlieb@hfdrlaw.com, ccragg@hfdrlaw.com;kthomas@hfdrlaw.com;mhunt@hfdrlaw.com

Max Gottlieb on behalf of Interested Party Elizabeth Cole
mgottlieb@hfdrlaw.com, ccragg@hfdrlaw.com;kthomas@hfdrlaw.com;mhunt@hfdrlaw.com

Max Gottlieb on behalf of Interested Party Holly Cole
mgottlieb@hfdrlaw.com, ccragg@hfdrlaw.com;kthomas@hfdrlaw.com;mhunt@hfdrlaw.com

Max Gottlieb on behalf of Interested Party Ricky Dale Cole
mgottlieb@hfdrlaw.com, ccragg@hfdrlaw.com;kthomas@hfdrlaw.com;mhunt@hfdrlaw.com

M. David Griffith, Jr on behalf of Creditor April Richardson
dgriffith@tcspllc.com

Jason Scott Hammond on behalf of Creditor Leslie Equipment Company
jhammond@baileywyant.com, aakers@baileywyant.com

Clayton Thomas Harkins on behalf of Creditor Kentucky River Properties LLC
clayton.harkins@dinsmore.com,
valerie.lucas@dinsmore.com;kim.morris@dinsmore.com;kelly.schoolcraft@dinsmore.com

Matthew Pearsall Heiskell on behalf of Creditor Vecellio & Grogan, Inc.
mheiskell@spilmanlaw.com, ageorge@spilmanlaw.com

Matthew Pearsall Heiskell on behalf of Interested Party Manchester Realty, LLC
mheiskell@spilmanlaw.com, ageorge@spilmanlaw.com

Jennifer J. Hicks on behalf of Creditor AFG Investments 1A, LLC
jhicks@babstcalland.com,
smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburgess@babstcalland.c
om

Jennifer J. Hicks on behalf of Creditor AFG Investments 1B, LLC
jhicks@babstcalland.com,
smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburgess@babstcalland.c
om

Jennifer J. Hicks on behalf of Creditor McGinty Road Partners
jhicks@babstcalland.com,
smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburgess@babstcalland.c
om

Jennifer J. Hicks on behalf of Creditor SMA II LP I, LLC
jhicks@babstcalland.com,
smeadows@babstcalland.com;kmarkins@babstcalland.com;jpritchard@babstcalland.com;sburgess@babstcalland.c
om

Janet Smith Holbrook on behalf of Creditor Community Trust Bank, Inc.
janet.holbrook@dinsmore.com, jamie.bishop@dinsmore.com

Internal Revenue Service
derrick.thompson@irs.gov

Bruce M. Jacobs on behalf of Creditor AFCO Credit Corporation
bjacobs@spilmanlaw.com, rmoss@spilmanlaw.com

Bruce M. Jacobs on behalf of Creditor Vecellio & Grogan, Inc.
bjacobs@spilmanlaw.com, rmoss@spilmanlaw.com

Bruce M. Jacobs on behalf of Interested Party Coal-Mac LLC
bjacobs@spilmanlaw.com, rmoss@spilmanlaw.com

Bruce M. Jacobs on behalf of Interested Party Coalfield Equipment & Parts, LLC
bjacobs@spilmanlaw.com, rmoss@spilmanlaw.com

Bruce M. Jacobs on behalf of Interested Party Manchester Realty, LLC
bjacobs@spilmanlaw.com, rmoss@spilmanlaw.com

Joseph T Johns on behalf of Creditor Conserv Equipment Leasing LLC
joseph.johns@jacksonkelly.com, joseph.johns@ecf.courtdrive.com;nicole.turner@jacksonkelly.com

Joseph T Johns on behalf of Creditor Conserv Lending LLC
joseph.johns@jacksonkelly.com, joseph.johns@ecf.courtdrive.com;nicole.turner@jacksonkelly.com

Robert L. Johns
rjohns@turnerjohns.com,
bblickenstaff@turnerjohns.com;rlj@trustesolutions.net;amarshall@turnerjohns.com;rlj@trustesolutions.net

Robert L. Johns on behalf of Trustee Robert L. Johns
rjohns@turnerjohns.com,
bblickenstaff@turnerjohns.com;rlj@trustesolutions.net;amarshall@turnerjohns.com;rlj@trustesolutions.net

Ellen Arvin Kennedy on behalf of Creditor Kentucky River Properties LLC
ellen.kennedy@dinsmore.com, DSBankruptcy@dinslaw.com

Gary O. Kinder on behalf of U.S. Trustee United States Trustee
gary.o.kinder@usdoj.gov

Michael Leahey on behalf of Creditor KIA II LLC
mleahey@tuckerlaw.com

Chacey R. Malhouitre on behalf of Creditor Conserv Equipment Leasing LLC
chacey.malhouitre@jacksonkelly.com, mallory.tomlin@jacksonkelly.com,crford@ecf.courtdrive.com

Chacey R. Malhouitre on behalf of Creditor Conserv Lending LLC
chacey.malhouitre@jacksonkelly.com, mallory.tomlin@jacksonkelly.com,crford@ecf.courtdrive.com

Beverly Weiss Manne on behalf of Creditor KIA II LLC
bmanne@tuckerlaw.com

Lauren Hutchins McCartney on behalf of Creditor KIA II LLC
lmccartney@tuckerlaw.com

Jennifer McLain McLemore on behalf of Creditor Pocahontas Holdings LLC
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Jennifer McLain McLemore on behalf of Creditor Pocahontas Land LLC
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Jennifer McLain McLemore on behalf of Creditor Pocahontas Sales & Logistics LLC
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Jennifer McLain McLemore on behalf of Creditor Pocahontas Surface Interests LLC
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Jennifer McLain McLemore on behalf of Creditor WPP LLC
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Jennifer McLain McLemore on behalf of Creditor Western Pocahontas Properties Limited Partnership
jmclemore@williamsmullen.com, avaughn@williamsmullen.com

Michael R. Proctor on behalf of Creditor Pocahontas Holdings LLC
mproctor@bowlesrice.com, morgan.goettel@bowlesrice.com

Michael R. Proctor on behalf of Creditor Pocahontas Land LLC
mproctor@bowlesrice.com, morgan.goettel@bowlesrice.com

Michael R. Proctor on behalf of Creditor Pocahontas Sales & Logistics LLC
mproctor@bowlesrice.com, morgan.goettel@bowlesrice.com

Michael R. Proctor on behalf of Creditor Pocahontas Surface Interests LLC
mproctor@bowlesrice.com, morgan.goettel@bowlesrice.com

Michael R. Proctor on behalf of Creditor WPP LLC
mproctor@bowlesrice.com, morgan.goettel@bowlesrice.com

Michael R. Proctor on behalf of Creditor Western Pocahontas Properties Limited Partnership
mproctor@bowlesrice.com, morgan.goettel@bowlesrice.com

Ancil G. Ramey on behalf of Plaintiff Civil, LLC
ancil.ramey@steptoe-johnson.com, ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com

Ancil G. Ramey on behalf of Plaintiff Pocahontas Processing LLC
ancil.ramey@steptoe-johnson.com, ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com

Ancil G. Ramey on behalf of Plaintiff Resilient Eagle LLC
ancil.ramey@steptoe-johnson.com, ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com

Ancil G. Ramey on behalf of Plaintiff Resilient Mining, LLC
ancil.ramey@steptoe-johnson.com, ancil@ancil.net,ancil-ramey-5727@ecf.pacerpro.com

Peter J Raupp on behalf of Debtor Civil, LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Debtor Pocahontas Processing LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Debtor Resilient Eagle LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Debtor Resilient Mining, LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Plaintiff Civil, LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Plaintiff Pocahontas Processing LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Plaintiff Resilient Eagle LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Peter J Raupp on behalf of Plaintiff Resilient Mining, LLC
peter.raupp@steptoe-johnson.com, steven.ransbottom@steptoe-johnson.com

Michael J. Roeschenthaler on behalf of Creditor Committee Official Committee of Unsecured Creditors of Civil, LLC
KMcCauley@wtplaw.com

Michael J. Roeschenthaler on behalf of Trustee Robert L. Johns
mroeschenthaler@raineslaw.com

Zachary J. Rosencrance on behalf of Creditor Natural Resource Partners L.P.
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor Pocahontas Holdings LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor Pocahontas Land LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor Pocahontas Sales & Logistics LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor Pocahontas Surface Interests LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor WPP LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Creditor Western Pocahontas Properties Limited Partnership
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Debtor Pocahontas Processing LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Defendant Pocahontas Holdings LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Defendant Pocahontas Land LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Defendant Pocahontas Sales & Logistics LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Defendant Pocahontas Surface Interests LLC
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Zachary J. Rosencrance on behalf of Defendant Western Pocahontas Properties Limited Partnership
zrosencrance@bowlesrice.com, ajones@bowlesrice.com;Michelle.Livingstone@bowlesrice.com

Daniel R. Schimizzi on behalf of Creditor Committee Official Committee of Unsecured Creditors of Civil, LLC
dschimizzi@raineslaw.com, Llescallette@raineslaw.com

Daniel R. Schimizzi on behalf of Defendant ALLEGIANCE CAPITAL LLC
dschimizzi@raineslaw.com, Llescallette@raineslaw.com

Daniel R. Schimizzi on behalf of Plaintiff Robert L. Johns
dschimizzi@raineslaw.com, Llescallette@raineslaw.com

Daniel R. Schimizzi on behalf of Trustee Robert L. Johns
dschimizzi@raineslaw.com, Llescallette@raineslaw.com

Carl W Shaffer on behalf of Interested Party Chad D. Cole
cshaffer@hfdrlaw.com

Carl W Shaffer on behalf of Interested Party Elizabeth Cole
cshaffer@hfdrlaw.com

Carl W Shaffer on behalf of Interested Party Holly Cole
cshaffer@hfdrlaw.com

Carl W Shaffer on behalf of Interested Party Ricky Dale Cole
cshaffer@hfdrlaw.com

James R. Sheatsley on behalf of Creditor Albatross Air, Inc.
jsheatsley@gormansheatsley.org, gormansheatsley@suddenlinkmail.com

Billy R Shelton on behalf of Creditor Trion equipment sales, llc
bshelton@sheltonlaw.net

Billy R Shelton on behalf of Interested Party Ameraus Tractor Co., LLC
bshelton@sheltonlaw.net

Michael A Shiner on behalf of Creditor KIA II LLC
mshiner@tuckerlaw.com, npetroy@tuckerlaw.com

Greg K Smith on behalf of Creditor James Endicott
gks0405@frontier.com

W. Bradley Sorrells on behalf of Creditor Kentucky Power Company d/b/a American Electric Power
wbs@ramlaw.com

Devon J. Stewart on behalf of Plaintiff Civil, LLC
dstewart@lewisgianola.com, steven.ransbottom@steptoe-johnson.com

Devon J. Stewart on behalf of Plaintiff Pocahontas Processing LLC
dstewart@lewisgianola.com, steven.ransbottom@steptoe-johnson.com

Devon J. Stewart on behalf of Plaintiff Resilient Eagle LLC
dstewart@lewisgianola.com, steven.ransbottom@steptoe-johnson.com

Devon J. Stewart on behalf of Plaintiff Resilient Mining, LLC
dstewart@lewisgianola.com, steven.ransbottom@steptoe-johnson.com

Stephen L. Thompson on behalf of Creditor Committee Official Committee of Unsecured Creditors of Civil, LLC
sthompson@barth-thompson.com, chris@barth-thompson.com

Jared M. Tully on behalf of Interested Party Utica Leaseco, LLC
jtully@fbtlaw.com, asmith@fbtlaw.com

United States Trustee
ustpregion04.ct.ecf@usdoj.gov

Sarah Elizabeth Wenrich on behalf of Creditor Committee Official Committee of Unsecured Creditors of Civil, LLC
swenrich@raineslaw.com

Sarah Elizabeth Wenrich on behalf of Trustee Robert L. Johns
swenrich@raineslaw.com

Eric M. Wilson on behalf of Creditor West Virginia State Tax Department
eric.m.wilson@wv.gov, lora.l.rutledge@wv.gov;christine.e.evans@wv.gov

**RAINES FELDMAN LITTRELL, LLP**

By: /s/ Daniel R. Schimizzi
Michael J. Roeschenthaler (PA ID No. 87647)
Daniel R. Schimizzi (PA ID No. 311869)
Sarah E. Wenrich (PA ID No. 325834)
*Admitted Pro Hac Vice*
11 Stanwix Street, Suite 1500
Pittsburgh, PA 15222
Telephone: 412-899-6472
Email: mroeschenthaler@raineslaw.com
dschimizzi@raineslaw.com
swenrich@raineslaw.com

*Special Counsel to the Chapter 7 Trustee*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Civil, LLC, *et al.*, | ) | Case No. 25-20179-DLB |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Upon consideration of the *Joint Motion to Approve Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion") filed by Robert L. Johns, chapter 7 trustee (the "Trustee") of the bankruptcy estates of the above-captioned debtors (together, the "Debtors," and each a "Debtor") and Combs Equipment Group, LLC ("Combs Equipment"), seeking entry of this Order approving that certain Settlement (the "Settlement") between the Trustee and Combs Equipment; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Motion and the relief requested

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper, and adequate notice of the Motion having been provided; and it appearing that no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is hereby **GRANTED** as set forth herein.

2. The Settlement as described in the Motion is hereby **APPROVED** pursuant to Bankruptcy Rule 9019.

3. The Trustee is hereby authorized to take any and all actions necessary or appropriate to implement and effectuate the Settlement as approved by this Order.

4. Pursuant to the Settlement, Combs Equipment shall retain the Miner, and the Trustee shall be deemed to have made a distribution to Combs Equipment on account of the asserted secured claim of Combs Equipment in the amount of $929,768.06 in full satisfaction of any and all claims asserted by Combs Equipment against the Debtors' estates other than a claim under section 502(h) of the Bankruptcy Code which Combs Equipment will assert by filing an amended proof of claim within seven (7) days of entry of this Order.

5. Combs Equipment shall carve-out and pay a one-time payment to the Trustee in the amount of $175,000.00 (the "Settlement Payment"), which Settlement Payment shall be due upon the later of: 5 business days the closing on a sale of the Miner by Combs Equipment; or 45 business days from the entry of an order granting this Motion. The Settlement Payment is and shall be deemed a carve-out from the distribution received by Combs Equipment for the benefit of the Debtors' estates, to be applied first (1st) to satisfy the reasonable fees and costs incurred by the

Trustee (including reasonable professional fees subject to approval by this Court) in administering these chapter 7 cases and second (2nd) for distribution in accordance with the priority provisions of the Bankruptcy Code.

6. Upon entry of this Order and receipt by the Trustee of the Settlement Payment in the amount of $175,000, the Trustee, on behalf of the Debtors and their bankruptcy estates, shall release Combs Equipment and its affiliates, officers, directors, employees, agents, and representatives from any and all claims and causes of action relating to the Miner and the disputes that are the subject of the Settlement. The Trustee will not seek to assume any contract related to Combs Equipment as part of the Assumption Motion, and the Assumption Motion will be deemed resolved as it relates exclusively to Combs Equipment.

7. Upon entry of this Approval Order and payment of the Settlement Payment, Combs Equipment shall release the Trustee and the Debtors' bankruptcy estates from any and all claims and causes of action relating to the Miner and the disputes that are the subject of the Settlement other than a general unsecured claim under section 502(h) of the Bankruptcy Code which will be asserted in the amount of $175,000.00 in an amended proof of claim.

8. Under the Settlement, Combs Equipment shall conduct any sale of the Miner, and the Trustee shall have no interest in or claim to the proceeds of any sale of the Miner beyond the Settlement Payment.

9. For the avoidance of doubt and as more fully set forth in the Motion, Combs Equipment does not release the Debtors' bankruptcy estates of any claims not related to the Miner that are resolved as part of the Settlement, and the Trustee does not release Combs Equipment of any claims or causes of action not related to the Miner that are resolved as part of the Settlement. If and to the extent the Trustee identifies additional claims and causes of action against Combs

Equipment, nothing in this Order waives or releases such claims and causes of action, and the Trustee and Combs Equipment reserve all rights with respect to any such claims and causes of action

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

11. This Court retains jurisdiction with respect to all matters arising from, related to, or in connection with the implementation, interpretation, and enforcement of this Order and the Settlement.

Prepared by: /s/ Daniel R. Schimizzi
Daniel R. Schimizzi, Special Counsel to
Robert L. Johns, Chapter 7 Trustee