David L. Bissett
United States Bankruptcy Judge
**Dated: August 27th, 2026**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Civil, LLC, *et al.*, | ) | Case No. 25-20179-DLB |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Upon consideration of the *Joint Motion to Approve Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion") filed by Robert L. Johns, chapter 7 trustee (the "Trustee") of the bankruptcy estates of the above-captioned debtors (together, the "Debtors," and each a "Debtor") and Combs Equipment Group, LLC ("Combs Equipment"), seeking entry of this Order approving that certain Settlement (the "Settlement") between the Trustee and Combs Equipment; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Motion and the relief requested

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Civil, LLC (5464); Kratos Resources LLC (1003); Resilient Mining LLC (9306); Resilient Eagle, LLC (3535); Don Holdings, LLC (0259), Falcon Reclamation Limited Liability Company (1375), North Springs Holding LLC, Smoky Quartz LLC (2303), Big Mule Air L.L.C. (6964), Pocahontas Processing LLC (7297), and Yellow Garage, LLC (1313). The headquarters for each of the Debtors is located at 799 Highway 3459, Harlan, Kentucky 40831.

therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper, and adequate notice of the Motion having been provided; and it appearing that no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is hereby **GRANTED** as set forth herein.

2. The Settlement as described in the Motion is hereby **APPROVED** pursuant to Bankruptcy Rule 9019.

3. The Trustee is hereby authorized to take any and all actions necessary or appropriate to implement and effectuate the Settlement as approved by this Order.

4. Pursuant to the Settlement, Combs Equipment shall retain the Miner, and the Trustee shall be deemed to have made a distribution to Combs Equipment on account of the asserted secured claim of Combs Equipment in the amount of $929,768.06 in full satisfaction of any and all claims asserted by Combs Equipment against the Debtors' estates other than a claim under section 502(h) of the Bankruptcy Code which Combs Equipment will assert by filing an amended proof of claim within seven (7) days of entry of this Order.

5. Combs Equipment shall carve-out and pay a one-time payment to the Trustee in the amount of $175,000.00 (the "Settlement Payment"), which Settlement Payment shall be due upon the later of: 5 business days the closing on a sale of the Miner by Combs Equipment; or 45 business days from the entry of an order granting this Motion. The Settlement Payment is and shall be deemed a carve-out from the distribution received by Combs Equipment for the benefit of the Debtors' estates, to be applied first (1st) to satisfy the reasonable fees and costs incurred by the

Trustee (including reasonable professional fees subject to approval by this Court) in administering these chapter 7 cases and second (2nd) for distribution in accordance with the priority provisions of the Bankruptcy Code.

6. Upon entry of this Order and receipt by the Trustee of the Settlement Payment in the amount of $175,000, the Trustee, on behalf of the Debtors and their bankruptcy estates, shall release Combs Equipment and its affiliates, officers, directors, employees, agents, and representatives from any and all claims and causes of action relating to the Miner and the disputes that are the subject of the Settlement. The Trustee will not seek to assume any contract related to Combs Equipment as part of the Assumption Motion, and the Assumption Motion will be deemed resolved as it relates exclusively to Combs Equipment.

7. Upon entry of this Approval Order and payment of the Settlement Payment, Combs Equipment shall release the Trustee and the Debtors' bankruptcy estates from any and all claims and causes of action relating to the Miner and the disputes that are the subject of the Settlement other than a general unsecured claim under section 502(h) of the Bankruptcy Code which will be asserted in the amount of $175,000.00 in an amended proof of claim.

8. Under the Settlement, Combs Equipment shall conduct any sale of the Miner, and the Trustee shall have no interest in or claim to the proceeds of any sale of the Miner beyond the Settlement Payment.

9. For the avoidance of doubt and as more fully set forth in the Motion, Combs Equipment does not release the Debtors' bankruptcy estates of any claims not related to the Miner that are resolved as part of the Settlement, and the Trustee does not release Combs Equipment of any claims or causes of action not related to the Miner that are resolved as part of the Settlement. If and to the extent the Trustee identifies additional claims and causes of action against Combs

Equipment, nothing in this Order waives or releases such claims and causes of action, and the Trustee and Combs Equipment reserve all rights with respect to any such claims and causes of action

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

11. This Court retains jurisdiction with respect to all matters arising from, related to, or in connection with the implementation, interpretation, and enforcement of this Order and the Settlement.

Prepared by: /s/ Daniel R. Schimizzi
Daniel R. Schimizzi, Special Counsel to
Robert L. Johns, Chapter 7 Trustee